Bingham McCutchen LLP
JASON A. YURASEK (SBN 202131)
DANIEL A. FELDSTEIN (SBN 209364)
ABIGAIL RAMSDEN (SBN 239544)
HODDY POTTER (SBN 238507)

Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  (415) 393-2000
Facsimile:  (415) 393-2286

Attorneys for Plaintiff BRENDA ALLEN

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| BRENDA ALLEN,<br><br>        Plaintiff,<br>v.<br><br>JEANNE WOODFORD, et al.,<br><br>        Defendants. | Case No. 1:05-CV-01104-OWW-LJO<br><br>**STIPULATED PROTECTIVE ORDER** |

ALL PARTIES HEREBY RECOGNIZE AND AGREE that following the hearing on Motion for Protective Order on July 7, 2006 before the Honorable Dennis L. Beck, the Court ordered that the following procedures shall govern the use and/or disclosure of confidential medical records:

        1.     Any and all hospital and medical records obtained or disclosed in connection with the above-entitled litigation shall be designated "Confidential" prior to disclosure and shall be subject to this Protective Order (referred to hereafter as "Confidential Records").  The protections conferred by this Protective Order encompass any information copied or extracted from Confidential Records, as well as all copies, excerpts, summaries, or compilations thereof, including testimony, conversations, or presentations by parties or counsel

1  in any setting, including depositions, that might reveal information contained in any Confidential
2  Records.
3      2.   Before any party produces Confidential Records pursuant to a valid
4  discovery request or subpoena, the responding party shall conditionally produce for inspection
5  ("Conditional Production") a copy of the proposed production to all attorneys in this action for a
6  conditional inspection.  If any party contends that redaction is necessary or a portion of the
7  Conditional Production should not be produced, that party must notify all other parties within
8  fifteen (15) days of receipt of the Conditional Production.  If there is no such notification,
9  production of all records may proceed.  In the event of such notification, Counsel shall meet and
10 confer in good faith to resolve any disputes regarding the appropriateness of production or
11 redactions of particularly sensitive and/or unrelated medical conditions, diagnosis, or treatments.
12 If the parties cannot agree on the appropriateness for production or redaction of any particular
13 document or portion thereof, the party whose right to privacy is asserted may file a Motion For a
14 Supplemental Protective Order barring production of the disputed Confidential Records. Such a
15 motion shall be filed within five (5)  business days of the meet and confer session related to the
16 Conditional Production and disputed Confidential Records shall not be produced until the Court
17 has decided the motion, but Confidential Records not in dispute may be produced.  If no such
18 motion is filed within five (5) business days of the meet and confer session related to the
19 Conditional Production, any disputed Confidential Records may be produced pursuant to the
20 terms of this Protective Order.
21      3.   Without waiving any objections regarding the admissibility of
22 Confidential Records at trial or otherwise in this litigation, Confidential Records shall be treated
23 as confidential and shall not be used for any purpose other than the prosecution or defense of this
24 litigation, including discovery and pre-trial matters, trial, and any appeal taken herein.
25 Confidential Records shall not be used party for any other purposes unless agreed to in writing
26 by all parties to this Protective Order, except as required by a valid discovery request or as
27 required by a lawful subpoena or as authorized by further order of the Court.
28

4. If any party receives a subpoena or order issued in conjunction with other litigation that would compel disclosure of any Confidential Records, the subpoenaed party must notify all other parties in writing immediately. Such notice may be made by written notice to each party's attorney of record herein and shall provide each party an opportunity to object to the disclosure. It is the obligation of the party receiving such notice to take action to protect his or her confidentiality interests.

5. Confidential Records may be disclosed for purposes of this litigation to the parties, insurers, attorneys, experts and consultants, and their employees and agents, deponents during deposition, deposition notaries and staff, the Court and Court staff, and such other persons as may be designated by written stipulation or further order of the Court.

6. Before the parties or their attorneys disclose Confidential Records to any person(s) identified in Paragraph 5 above (excluding the parties to this case and their attorneys and staff, the Court, and the Court's staff), they must: (i) inform the person receiving such Confidential Records of its confidential nature and his or her duty to maintain that confidentiality; (ii) obtain his or her oral agreement to abide by the terms of this Protective Order; and (iii) inform him or her that disclosure of records or information in violation of the Protective Order is punishable by the Court.

7. All Confidential Records of any party or third party filed with the Court for any purpose, other than at trial, shall be filed under seal according to the provisions of Local Rule 39-141(c). The party whose right to privacy is protected by a "Confidential" designation reserves the right to de-designate specific records, or portions thereof, at any time. Specific records that are de-designated will be produced, or remain in the production, but their use will not be subject to the terms of this Protective Order.

8. With the exception of a named party's medical condition placed at issue in this litigation, any reference to, description and/or summary of the information contained in Confidential Records made in pleadings or other documents filed with the Court, except for use at trial, shall be made in general terms and shall not specifically identify or specifically discuss in any way past or present medical conditions, treatment, history or diagnosis.

1        9.      Any Confidential Records may be used by any party at the trial of this

2   action, or in connection with any motion, pleading or hearing in this action, subject to the rules

3   of evidence and the requirements of this Order, or such other Order as the Court may enter.  No

4   document introduced into evidence at the trial of this matter shall bear the designation

5   "Confidential" unless so stipulated by the parties or ordered by the Court.

6   Within ninety (90) days after the final disposition of this action, all copies of Confidential

7   Records shall be destroyed by the party in possession; provided, however, that health care

8   provider parties shall continuously retain possession of his/her/its original documents, and that

9   counsel shall be entitled to preserve a litigation file in this matter, including Confidential

10  Records.  Any Confidential Records so retained remain subject to the terms of this Protective

11  Order, except that counsel shall be entitled to use such Confidential Records in response to or

12  defense of any administrative inquiry or proceeding arising from the above-entitled litigation.

13  DATED: August 1, 2006

14                                      BINGHAM MCCUTCHEN LLP

15

16                                      By:    /s/
                                            JASON A. YURASEK
17                                          DANIEL A. FELDSTEIN
                                            Attorneys for Plaintiff
18                                          Brenda Allen

19
    DATED: August ___, 2006
20
                                        BILL LOCKYER
21                                      Attorney General of the State of California

22

23                                      By:    /s/
                                            THOMAS MCCRACKIN
24                                          JOHN FESER
                                            Attorneys for Defendants
25                                          Jeanne Woodford, Richard Rimmer,
                                            Rosanne Campbell, Gwendolyn Mitchell,
26                                          Sampath Suryadevara, M.D. and
                                            Juan Jose Tur, M.D.
27
    DATED: August ___, 2006
28

|     |     |
| --- | --- |
| 1   | MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH |
| 2   |     |
| 3   |     |
| 4   | By: /s/ MARIO L. BELTRAMO, JR. |
| 5   | DANIEL WAINWRIGHT<br>Attorneys for Defendant<br>Madera Community Hospital |
| 6   |     |
| 7   | DATED: August ___, 2006 |
| 8   | BAKER, MANOCK & JENSEN |
| 9   |     |
| 10  | By: /s/ SUZANNE D. MCGUIRE |
| 11  | SHERRIE M. FLYNN<br>Attorneys for Defendant |
| 12  | Muhammed Anwar, M.D. |

### **ORDER**

GOOD CAUSE APPEARING, the terms and conditions of the above Stipulated Protective Order are hereby ordered.

DATED: January 22, 2007

By: /s/ *Dennis L. Beck*
Dennis L. Beck
United States Magistrate Judge

5    Case No. 1:05-CV-01104-OWW-LJO
STIPULATED PROTECTIVE ORDER
SF/21679540.1/0999996-2960011767