1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    BRENDA ALLEN,                              CASE NO. CV-F-05-1104 OWW LJO

12                         Plaintiff,            **ORDER ON PLAINTIFF'S MOTION TO**
                 vs.                             **COMPEL DOCUMENTS FROM**
13                                               **MUHAMMAD ANWAR, M.D.**
      JEANNE WOODFORD, et al,
14
                         Defendants.
15    _____/

16          Plaintiff brings three motions to compel documents from each defendant:

17          (1)    First Set RPD to Muhommad Anwar, M.D.,

18          (2)    First Set RPD to Madera Community Hospital,

19          (3)    First Set RPD to Jeanne Woodward, Richard Rimmer, Rosanne Campbell,  Gwendolyn

20                 Mitchell, Sampath Suryadevara, M.D., and Juan Jose Tur, M.D.

21    This order addresses the motion to compel <u>Muhammad Anwar, M.D.</u> ("Dr. Anwar") to supplement

22    responses and produce documents.

23          Plaintiff filed her notice of motion on December 22, 2006.  The parties filed a joint statement

24    re discovery dispute pursuant to Local Rule 37-251 on January 9, 2007 (Doc. 112).  The Court took this

25    matter under submission without oral argument on January 17, 2007.  Dr. Anwar supplemented the

26    statement on January 19, 2007. (Doc. 125). Having considered the joint statement, and supplemental

27    papers filed, as well as the Court's file, the Court issues the following order.

28    /////

                                          1

**FACTUAL AND PROCEDURAL BACKGROUND**

**General Allegations**

Plaintiff is a prisoner at Central California Women's Facility (CCWF). She alleges that the California Department of Corrections ("CDC")/CCWF sent her to Madera Community Hospital for an unnecessary surgery. Plaintiff requested and was denied non-surgical treatment to treat boils in her arm pit region. Despite being notified of Dr. Anwar's injury to another CCWF prisoner, the CDC Defendants sent Plaintiff to Dr. Muhammad Anwar for surgery. Plaintiff received invasive, improper treatment from Dr. Anwar and Madera Community Hospital. The surgery left Plaintiff with limited mobility, flexibility, sensation and pain in her arms.

Plaintiff alleges that each of the Defendants exhibited a deliberate indifference to her medical needs by subjecting her to surgery that mutilated her body and caused severe and permanent disfigurement and disability.  Plaintiff  further contends that Defendants' actions constitute cruel and unusual punishment.  Plaintiff additionally contends that subjecting  Plaintiff to the surgical treatment without her informed consent and by performing surgery far more invasive and than necessary or proper without apprising her of the risks of surgery constituted battery. Plaintiff also alleges that all Defendants engaged in  gross negligence when they breached their duty of care to Plaintiff with reckless disregard or deliberate indifference to harm Allen.

Plaintiff alleges claims for:

- 42 U.S.C. § 1983 - all defendants
- Eighth and Fourteenth Amendments - all defendants
- Professional Negligence - against Anwar, Madera, Tur, Suryadevara
- Civil Battery - all defendants
- Gross Negligence - all defendants
- Intentional Misrepresentation & Negligent Misrepresentation - all defendants
- Intentional Infliction of Emotional Distress- all defendants
- Negligent Infliction of Emotional Distress - all defendants

Plaintiffs served the Requests for Production of Documents on August 16, 2006.  Defendant responded with objections on September 18, 2006, and produced some documents.  The motion to compel was filed

1   on December 22, 2006 and Dr. Anwar supplemented with more objections on January 9, 2007.

2   **Consolidation**

3       This case has been consolidated with other women inmates on whom Dr. Anwar performed boil

4   excisions – Ms. Boyce, Ms. Holmes and Ms. Scott - for discovery purposes by District Judge Oliver W.

5   Wanger.

6                                **SCOPE OF DISCOVERY**

7       The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair

8   contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States*

9   *v. Procter & Gamble*, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify the issues

10  in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

11      Fed.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

12          Parties may obtain discovery regarding any matter, not privileged, that is relevant
            to the claim or defense of any party, including the existence, description, nature, custody,
13          condition, and location of any books, documents, or other tangible things and the identity
            and location of persons having knowledge of any discoverable matter.  For good cause,
14          the court may order discovery of any matter relevant to the subject matter involved in the
            action.  Relevant information need not be admissible at trial if the discovery appears
15          reasonably calculated to lead to the discovery of admissible evidence.

16      "The party who resists discovery has the burden to show that discovery should not be allowed,

17  and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine*

18  *Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135

19  F.R.D. 101, 104 (D. N.J. 1990).

20                          **REQUEST FOR PRODUCTION STANDARDS**

21      Fed.R.Civ.P. 34(b) requires a written response to a request for production to "state, with respect

22  to each item or category, that inspection and related activities will be permitted as requested, unless the

23  request is objected to, in which event the reasons for the objection shall be stated." The request is

24  sufficient if the documents or things to be produced are of a *category* described with 'reasonable

25  particularity' in the request.  *Id.*  A party is obliged to produce all specified relevant and nonprivileged

26  documents or other things which are in its "possession, custody or control" on the date specified in the

27  request.  F.R.Civ.P. 34(a); *Norman Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511,

28  512 (W.D. Pa. 1983).  The propounding party may seek an order for further disclosure regarding "any

                                              3

1  objection to or other failure to respond to the request or any part thereof, or any failure to permit

2  inspection requested." F.R.Civ.P. 34(b).

3  **MAJOR OBJECTIONS MADE BY ANWAR**

4  **California Evid. Code § 1157 - Peer Review Privilege**

5  Dr. Anwar argues that documents requested are protected by the peer review privilege.

6  Except as otherwise provided by federal law, testimonial privileges in federal question cases are

7  governed by federal common law. Fed.R.Evid. 501; *United States v. Zolin* (1989) 491 US 554, 562, 109

8  S.Ct. 2619, 2625 (attorney-client privilege).  No specific privileges or requirements are provided in the

9  Federal Rules. Rather, testimonial privileges in federal question cases are governed by principles of the

10  common law as interpreted by federal courts 'in the light of reason and experience." Fed.R.Evid. 501.

11  This provides federal courts 'with the flexibility to develop rules of privilege on a case-by-case basis.'

12  *Trammel v. United States* (1980) 445 US 40, 47, 100 S.Ct. 906, 911; *University of Penn. v. E.E.O.C.*

13  (1990) 493 US 182, 189, 110 S.Ct. 577, 582 (declining to recognize privilege for academic peer review

14  proceedings).

15  Dr. Anwar argues that the documents requested from him are protected by California Evidence

16  code §1157.  Cal. Evid. Code § 1157(a) states:

17  "Neither the proceedings nor the records of organized committees of
    medical . . . staffs in hospitals, or of a peer review body . . . having the

18  responsibility of evaluation and improvement of the quality of care
    rendered in the hospital, . . . shall be subject to discovery."

19

20  In medical malpractice cases, medical peer review materials (e.g., minutes of hospital staff meetings

21  discussing treatment given and procedures to improve patient care) may be protected from disclosure

22  under this privilege. Jones and Rosen, <u>Fed.Civ.Trials & Ev.</u>, CH 8; §8:42409 (The Rutter Group 2006).

23  Courts have recognized that there is an important public interest in having hospitals critically evaluate

24  the quality of the care they provide. (Id.)  In addition, most states have statutes protecting medical peer

25  review conferences from disclosure. *See Bredice v. Doctors Hosp., Inc.* (DC Cir. 1970) 50 F.R.D. 249,

26  250–251; and *Weekoty v. United States* (D NM 1998) 30 F.Supp.2d 1343, 1347–1348.

27  However, there is no privilege for medical peer review records in federal discrimination actions.

28  Most federal courts that have considered the existence of a federal peer review privilege have rejected

4

it. *See e.g.*, *Nilavar v. Mercy Health System–Western Ohio* (SD OH 2002) 210 FRD 597, 602–610 (collecting cases).

The parties did not discuss or cite a controlling Ninth Circuit case on the issue.  See *Agster v. Maricopa County,* 422 F.3d 836, 838–839 (9th Cir. 2005).  In *Agster*, parents of a prisoner who died in custody of county sheriff's department brought action against county. Plaintiffs sought discovery of the mortality review and defendant declined asserting the peer review privilege. The Ninth Circuit declined to create peer review privilege for county correctional health services' 'mortality review' of circumstances of prisoner's death.  The reason asserted by the Ninth circuit is compelling in the instant case:

> "Whereas in the ordinary hospital it may be that the first object of all involved in patient care is the welfare of the patient, in the prison context the safety and efficiency of the prison may operate as goals affecting the care offered. In these circumstances, it is peculiarly important that the public have access to the assessment by peers of the care provided." *Id.* At 839.

Thus, the Ninth Circuit denied the peer review privilege in the prison context for the reasons plaintiff has argued - to have access to the assessment of the care provided.  In *Leon v. County of San Diego*, 202 F.R.D. 631 (S.D.Cal. 2001), a § 1983 action against the county, sheriff's department, and sheriff, alleging deliberate indifference to detainee's medical condition, failure to train and supervise, and existence of policy, practice or custom creating constitutional violations, the court held  (1) nursing peer review records from county detention facility were relevant to municipal liability and, therefore, were discoverable; (2) provision of California Evidence Code privileging medical peer review records did not apply to protect records from discovery; and (3) self-critical analysis privilege under federal common law did not apply to protect records from discovery.

Thus, this privilege is not recognized by the Ninth Circuit in the context of the instant case.

**Privilege Log**

Dr. Anwar produced a privilege log, which plaintiff argues is inadequate under Fed.R.Civ.P. 26. Fed.R.Civ.P. 26(b)(5) addresses claims of privilege and provides:

> When a party withholds information otherwise discoverable under these rules by claiming it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of documents,

communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed.R.Civ.P. 26(b)(5) requires parties to provide a log or its equivalent when they withhold information on grounds of privilege or work product protection. *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999). To facilitate its determination of privilege, a court may require "an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps." *United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2nd Cir.), *cert. denied*, 519 U.S. 927, 117 S.Ct. 294 (1996) (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 471 (S.D.N.Y. 1993)).

The privilege log should provide as to a document for which privilege is claimed:

1.      The document's general nature and description;

2.      Identity and position of its author;

3.      Date it was written;

4.      Identity and position of all addressees and recipients;

5.      Document's present location; and

6.      Specific reasons it was withheld, that is, privilege invoked and grounds thereof.

*See Construction Products*, 73 F.3d at 473-474.

The sole privilege log provided by Dr. Anwar consists of five entries which groups documents by correspondence, pleadings, billing, research and expert witness. The individual documents are not itemized or in any way described according to the requirements of Rule 26(b)(5). In *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992), the Ninth Circuit held an adequate logs identifies, at a minimum, (a) the persons involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated. Here, a concomitant requirement with a claim of privilege is an adequate privilege log. Dr. Anwar's privilege log does not meet the requirements of the Rule. He will be compelled to provide an adequate log or face waiving the privilege.

6

**Boilerplate Objections**

The Federal Rules of Civil Procedure contemplate that the party responding to requests for documents will provide as much information as possible event to an objectionable document request, setting forth the reason for objection, including claims of privilege or work product protection. Fed.R.Civ.P. 34(b); *see Eureka Financial Corp. v. Hartford Acc. & Indem. Co.* (ED CA 1991) 136 FRD 179, 185 (counsel has to identify specifically the evidence requested for which a privilege applies.).

The Rule requires that the "reasons" for the objection be stated, which Dr. Anwar did not state. Certainly, standardized objections interposed by defendants do not satisfy the obligation under the Rules. These objections are overruled.

<u>Equally Available:</u> The objection is overruled.  A party is not in 'control' of records that the requesting party has equal ability to obtain from public sources. *See Estate of Young Through Young v. Holmes*, 134 FRD 291, 294  (D NV 1991).  "However, the Court can see no justifiable reason why Plaintiffs should not produce, or at least identify, documents that support Plaintiffs' allegations in the FAC, whether they are in Defendants' possession or in the public domain." *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, 2005 WL 1459555, *6 (N.D.Cal. 2005);  *See, e.g., St. Paul Reinsurance Co. V. Commercial Fin. Corp.,* 198 F.R.D. 508, 513 (N.D.Iowa 2000) ("It is not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record."). *Compare In re Pintlar Corp.*,   1995 WL 472117, *5 (Bkrtcy.D.Idaho,1995) (information which consists of decisions by the courts and other tribunals is public information equally available to the Plaintiffs; however, Cigna has collected opinions or other reference material regarding the exclusion may be relevant to Cigna's interpretation of the exclusion at issue and therefore should be produced.)

**HIPAA**

The Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, 110 Stat. 1936, ("HIPAA") restricts health care entities from disclosure of "protected health information" ("PHI").   Regulations authorized by the HIPAA, 42 USC § 1320d et seq., prohibit ex parte communications with health care providers regarding patients' medical condition without their consent or a "qualified protective order" (45 CFR § 164.512). HIPAA's privacy provisions allow for disclosure

of medical information in the course of administrative or judicial proceedings; however, the Act places

certain requirements on both the medical professional providing the information and the party seeking

it. See 45 C.F.R. § 164.512(e) (2004).  Under HIPAA, disclosure is permitted, inter alia, pursuant to a

court order, subpoena, or discovery request when the healthcare provider "receives satisfactory assurance

from the party seeking the information that reasonable efforts have been made by such party to secure

a qualified protective order." 45 C.F.R. § 164.512(1)(e)(ii)(b). The protective order must prohibit "using

or disclosing the protected health information for any purpose other than the litigation," and "[r]equire

[ ] the return to the [physician] or destruction of the protected health information ⋯ at the end of the

litigation or proceeding." 45 C.F.R. § 164.512(1)(e)(v).

Here, the parties have stipulated to a protective order which protects the third parties' medical

records. (Doc. 131.)  The protective order satisfies the requirements of HIPAA because it (1) Prohibits

the parties from using or disclosing the protected health information for any purpose other than the

litigation or proceeding for which such information was requested; and (2) requires the return of the

protected material at the conclusion of the litigation. 45 C.F.R. § 164.512 (e)(v).  Thus, the protective

order is adequate under HIPAA to protect third party medical records.

**Right of Privacy in Medical Records**

Federal courts generally recognize a right of privacy that can be raised in response to discovery

requests. *Johnson by Johnson v. Thompson*, 971 F2d 1487, 1497 (10th Cir. 1992); *DeMasi v. Weiss*, 669

F2d 114, 119–120 (3rd Cir. 1982).  Unlike a privilege, the right of privacy is not an absolute bar to

discovery. Rather, courts balance the need for the information against the claimed privacy right. *Ragge*

*v. MCA/Universal Studios* (CD CA 1995) 165 FRD 601, 604 (right of privacy may be invaded for

litigation purposes).  A patient's constitutional right of privacy in receiving medical treatment may be

an alternative source of protection to the physician-patient privilege. However, this right is not absolute.

*Doe v. Southeastern Pennsylvania Transp. Authority (SEPTA)* 72 F3d 1133, 1138 (3rd Cir. 1995)

(privacy right in patients' prescription records); *see Caesar v. Mountanos* (9th Cir. 1976) 542 F2d 1064,

1067.

In federal civil rights action, law of California, as forum state, did not inform federal privilege

law. *Jackson v. County of Sacramento*, 175 F.R.D. 653 (E.D.Cal.,1997) (overruling cases that held as

1  a "matter of comity" state privacy privilege controls.)

2

3          "Despite defendant's repeated assertions to the contrary, the law of
           California, the forum state, does not inform federal privilege law. See
4          *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996)
           (finding a federal psychologist-patient privilege without mention of the
5          law of the forum state vis-a-vis the law of the whole 50 states). In this
           respect, *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548
6          (E.D.Cal.1990), *Martinez v. City of Stockton*, 132 F.R.D. 677
           (E.D.Cal.1990), and *Pagano v. Oroville Hospital*, 145 F.R.D. 683
7          (E.D.Cal.1993), cited by defendant, have been overruled."

8  *Jackson v. County of Sacramento*, 175 F.R.D. at 654.

9          Thus, the privacy involves a balancing of interests under federal law.

10          In the instant case, privacy has been argued for medical records. Dr. Anwar also argues privacy

11  for limited financial records requested by plaintiff.  For these records, the Court finds, on balance, the

12  need for the documents outweighs the privacy issues.  The case involves alleged abuse of medical

13  treatment for financial gain.  Plaintiff seeks comparable medical records for third parties and financial

14  records for the procedures.  One opportunity to show deliberate indifference is by a pattern and practice

15  of medical abuse, as alleged by plaintiff.  The Court finds that a protective order and proper redaction

16  will safeguard third parties' privacy issues. The Court has very wide discretion in handling pretrial

17  discovery. Under F.R.Civ.P. 26(c), this Court "may make any order which justice requires to protect a

18  party or person from annoyance, embarrassment, oppression, or undue burden or expense," including:

19          1.    Prohibiting disclosure or discovery;

20          2.    Conditioning disclosure or discovery on specified terms, "including a designation of the

21                time or the place";

22          3.    Permitting discovery be had by a method other than selected by the party seeking

23                discovery; or

24          4.    Limiting the scope of disclosure or discovery to certain matters.

25  To enforce the limit on discovery, a parties may seek a protective order under Fed.R.Civ.P.26( c) or the

26  court may act upon its own initiative.

27          Here, the Court will direct the parties to meet and confer on a suitable protective order to protect

28  the relevant privacy interests.

9

1    **<u>DISPUTED DOCUMENT REQUESTS</u>**

2    **DOCUMENT REQUESTS TO DEFENDANT ANWAR**

3    Plaintiff contends that Dr. Anwar improperly treated her and other inmates for financial gain and

4    that he exploited the terms of the contract with the CDC which allowed him to charge whatever he

5    wanted for unlisted procedures.

6    Herein below, the Court summarizes the document requests and the parties' contentions and rules

7    on the requests.

8    1.       **Document Request 1:** Documents related to Dr. Anwar's contract and agreement with the CDC.

9    **Anwar's response to the Request:** Broad, Irrelevant, attorney-client attorney/work[1], product,

10   privacy.  Plaintiff produced the contract and correspondence.

11   **Plaintiff contends:** Dr. Anwar produced one contract while the CDCR defendants produced an

12   amendment.  Dr. Anwar's production is missing key documents (1) the HCSD Rate Approval Memo,

13   (2) contracts before 2001, (3) negotiations, (4) electronic versions.

14   Relevant to the issue of financial gain to Dr. Anwar for performing unnecessary procedures,

15   because the contract allowed Dr. Anwar to charge increased fees for procedures not coded in the

16   contract.  The boilerplate objections are not made with specificity and he does not provide any reason

17   for the litany of objections.

18   Dr. Anwar provided a privilege log, after a meet and confer.  The log lumps broad categories of

19   correspondence together into five entries.  The court should order Dr. Anwar to produce a privilege log

20   that complies with Rule 26(b)(5).

21   No electronic documents were produced, although several hard copies were clearly electronically

22   prepared.  Dr. Anwar should be compelled to conduct a thorough electronic review and to produce all

23   responsive documents in electronic format.

24   It is impossible to discern the basis of Dr. Anwar's various privacy objections because he simply

25   objects on "violation of privacy under the California and US Constitution."  Objections based on state

26

27   _____

[1] Dr. Anwar did not specifically argue the attorney client and work product privilege in the parties' joint statement
of discovery disputes.  Dr. Anwar submitted a supplemental letter brief arguing these issues.  (Doc. 125.)  Plaintiff requests
28   the letter brief be stricken.  The Court has considered Dr. Anwar's points.

law privileges have no place in federal court. See, e.g., *Burrows v. Redbud Commun. Hosp. Dist.*, 187 F.R.D. 606, 610-611 (N.D. Cal. 1998).  There is no privacy right which could be implicated by the request for contractual documents.

**Defendant contends:** Plaintiff requests copies of all documents relating to negotiations and potential contracts, as well as contracts in effect prior to and after Plaintiff's surgery.  A full and complete and unredacted copy of the final contract in effect at the time of Plaintiff's care and treatment has been produced, including correspondence.

**Order:** The Court GRANTS the motion to compel and requires production of documents described in Rule 34(a), and production of a detailed privilege log as required by Rule 26(b)(5).

2.	**Document Request 3:** Documents showing Dr. Anwar lost $100,000/mth from the loss of his CDC contract.

**Anwar's response to the Request:** Same objections.

**Plaintiff contends:** Dr. Anwar alleges in a different lawsuit that he lost this amount of money from the cancellation of his contract with the CDC.  How much income Dr. Anwar made by performing improper surgeries is directly relevant to Ms. Allen's claim. She is alleging that Dr. Anwar performed improper and unnecessary surgeries on her and other inmates for financial gain.  His privilege log is insufficient -as described above.  State based privacy is inapplicable in federal court.  In any event, any privacy implicated is outweighed by the need for the information.

**Defendant contends:** Defendant's right to privacy is protected under the California constitution. Cal. Const. art. I, § 1. A defendant's right to privacy in his financial information has specifically been recognized by federal courts. *See Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Plaintiff's unfounded allegations do not warrant inquiry into Dr. Anwar's private and protected financial affairs. Dr. Anwar's filing of a complaint against the CDC for, among other things, damages for lost income, does not operate as a wholesale waiver in this action of his right to privacy in his personal financial information.

**Order:** The scope of the document requests will be limited to the documents indicating the monies lost as a result of the termination of his contract with the CDC.  In this limited respect, the Court GRANTS the motion to compel and requires production of documents described in Rule 34(a).

11

3.     **Document Request 4:** Documents reflecting your employment status.

    **Anwar's response to the Request:** vague and ambiguous, over broad.

    **Plaintiff contends:** Dr. Anwar refused to produce any documents in response to this request. "Employment," is a common word with an ordinary definition and without ambiguity.  any documents reflecting any position(s) Dr. Anwar holds at Madera Community, the CDCR, or MMSG would be responsive.

    **Defendant contends**: Plaintiff clarified in the meet and confer that "employment" means his positions in any medical group.  This "clarification" of what documents she intended to seek reinforces the ambiguity of her original request. Hospital privileges and medical licensing are different from "employment."  He responded that he is not employed.

    **Order:** Dr. Anwar's position is well-taken.  Employment is different from privileges Dr. Anwar may enjoy or partnerships of which he may be a part.  Therefore, the Court DENIES the request.

4.     **Document Request 7:** Documents re Anwar's medical training to do excision axillae.

    **Anwar's response to the Request:** broad, burdensome, oppressive.

    **Plaintiff contends:** Plaintiff seeks discovery into Dr. Anwar's specific training in that particular procedure. Further, Dr. Anwar has not made *any* objection with sufficient specificity.

    **Defendant contends:** This request is so broad as to encompass text books, course outlines, notes, research papers, certificates of completion, and other similar documents which Dr. Anwar may have accumulated over the entire course of his medical studies and career as a physician and surgeon. There is no allegation that he is improperly trained.

    **Order:** The request is for training for a specific area of surgery, as opposed to general experience.  The request is therefore narrowly defined.   In this limited respect, the Court GRANTS the motion to compel and requires production of documents described in Rule 34(a).

5.     **Document Request 8:** Document re Anwar's membership on a panel of approved healthcare providers.

    **Anwar's response to the Request:**  Broad, Irrelevant, attorney-client attorney/work, product, privacy; Evid Code 1157.  **Anwar's Supplemental response:** same objections and some documents were produced.

**Plaintiff contends:** The approved provider lists for 2000 and 2006 are responsive.  His ability to perform unnecessary procedures is connected to his membership on the CDC's list of approved providers and also why CDC removed him from those lists.  His litany of conclusory and boiler plate objections should fail.

**Defendant contends:**  After a diligent search and reasonable inquiry, Dr. Anwar has produced all known documents in his care, custody and control responsive to this request.

**Order:** Dr. Anwar states that he has produced all the documents.  On that basis, the Court DENIES the request.

6.     **Document Request 9:** Documents re any medical investigation of Anwar by any medical agency.

**Anwar's response to the Request:**  Broad, Irrelevant, attorney-client attorney/work, product, privacy, HIPAA.  **Anwar's Supplemental response:** he produce correspondence to the Medical Board by Ms. Scott and Ms. Holmes and some other correspondence.

**Plaintiff contends:** Documentation of investigations into Dr. Anwar is relevant.  He produced some documents but he did not produce copies of the correspondence from the Medical Board that Dr. Anwar was responding to.  He asserted boiler plate objections, and his privilege log is inadequate.

**Defendant contends:** Plaintiff already has the documents and he produced all known documents in his care, custody and control, outside applicable privileges.

**Order:** While Dr. Anwar says that he has produced all documents he states that he has done so except for privileged documents.  The privilege log is inadequate for plaintiff to determine which documents are being withheld on the basis of privilege, and on what privilege.  Accordingly, the Court GRANTS production of a detailed privilege log as required by Rule 26(b)(5).

7.     **Document Request 10:** Documents re disciplinary actions re his medical services.

**Anwar's response to the Request:** vague and ambiguous, broad, attorney/client/work product. No documents are responsive.

**Plaintiff contends:** His response is inadequate.  The common sense definition of "disciplinary action" is not vague.  Dr. Anwar's response is insufficient because he attempts to omit any disciplinary action that he may have been subject to (either by the CDC, Madera, or MMSG) such as reduced

1   compensation, written or verbal warnings, or being required to attend extra training.

2        **Defendant contends:**   Dr. Anwar has no documents responsive to this request.

3        **Order:**  Dr. Anwar says he has no documents, but with the broad definition of the term

4   "disciplinary actions," he will be compelled to re-respond.   Accordingly, the Court GRANTS this

5   request.

6   8.     **Document Request 11:** All insurance policies.

7        **Anwar's response to the Request:**  privacy; produced certificate of insurance for his

8   professional liability insurance policy and in a supplemental response, his declarations page.

9        **Plaintiff contends:** Dr. Anwar's objections based on privacy fail: any privileges based on the

10  California Constitution are irrelevant in federal court and any alleged privacy interest in one's insurance

11  information is outweighed by Ms. Allen's need for discovery.  It is unclear  whether this policy covers

12  incidents that occurred in calendar year 2005 or claims made policy.

13       **Defendant contends:** Dr. Anwar has produced the declaration page of his professional liability

14  insurance policy in effect.

15       **Order:** The Court GRANTS the request to compel only as to the extent of additional information

16  to indicate whether the policy period is a claims made or incidents occurred policy.

17  9.     **Document Request 12:** Daily calendar/schedule from 2000 to the present.

18       **Anwar's response to the Request:**   Broad, Irrelevant, attorney-client attorney/work, product,

19  privacy, HIPAA.

20       **Plaintiff contends:** This request seeks documents that bear on the issue of Dr. Anwar's motive.

21  Ms. Allen is claiming that Dr. Anwar implemented a pattern and practice of deliberately performing

22  unnecessary surgeries on her and others for financial gain.  If Dr. Anwar's calendar shows that he

23  performed 100 excision axillae operations on the 200 inmates he saw since 2000, this evidence tends

24  to support a finding that Dr. Anwar was over-diagnosing this condition and performing unnecessary

25  surgeries.

26       None of Dr. Anwar's general objections have merit.  No privacy rights are implicated and even

27  if they are, the documents should be produced.  The information called for is relevant and should be

28  produced despite any claims of undue burden and expense by Dr. Anwar.

1   **Defendant contends:**  Aside from information relating to any named Plaintiff, the information

2   is irrelevant to any material issue in the case. Dr. Anwar's other patient's privacy in their medical

3   information outweighs the alleged need for this information.  First, the information in such calendars,

4   appointment books and office visit lists, etc., related to medical care rendered by Dr. Anwar, and patient

5   medical conditions and treatment choices are protected by the physician-patient privilege.  There is no

6   compelling public interest in requiring production of Dr. Anwar's daily calendars, appointment books

7   or office visit lists.

8   The burden and expense involved in the production of Defendant's daily calendars and/or

9   appointment books from 2000 to present outweigh the benefit that will be derived.  A conservative

10  estimate is in the range of 150 to 375 hours (0.10 to 0.25 hours to redact each work day).

11  **Order:** The Court DENIES this request.  The request is overly broad, implicates other's personal

12  information and requests information that far exceeds the express purpose of the Request for Production

13  of Documents.  In addition, there are more direct and less intrusive ways to obtain the requested

14  information.

15  10.   **Document Request 13:** His bills, invoices for his procedures dealing with boils and folliculitis.

16  **Anwar's response to the Request:**  Broad, Irrelevant, attorney-client attorney/work, product,

17  privacy, HIPAA.

18  **Plaintiff contends:** The documents go to Dr. Anwar's motive and practice of performing

19  improper surgeries on CDCR inmates for financial gain.  None of Dr. Anwar's general objections have

20  merit.  No privacy rights are implicated and even if they are, the documents should be produced.  The

21  information called for is relevant and should be produced despite any claims of undue burden and

22  expense by Dr. Anwar.  His medical bills are maintained in computerized format, which include both

23  procedure and diagnosis codes. Dr. Anwar or his staff could run a simple search of his medical billing

24  system to sort for specific procedures and diagnosis codes.

25  Dr. Anwar does — albeit generally — raise three objections which may relate to third party

26  privacy concerns: (i) rights under the California Constitution, (ii) rights under the U.S. Constitution,

27  and (iii) rights under HIPAA.

28  HIPAA does not create substantive rights that act as a bar on discovery. It merely establishes

procedural mechanisms which have been complied with in the instant case.  HIPAA regulations is purely procedural in nature and does not create a federal physician-patient or hospital-patient privilege. *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 925-926 (7th Cir. 2004).  The private information could be redacted. HIPAA does not preclude production where an adequate protective order is in place. 45 C.F.R. § 164.512(e).  Here, the parties entered a protective order designed explicitly to protect the interests of third parties.

While there is no federal physician-patient privilege, federal courts do recognize a limited right of privacy in one's medical information.  Ms. Allen is seeking medical information regarding third parties — but in redacted form only.

**Defendant contends:** The production of medical bills for procedures dealings with boils, folliculitis, and hidradenitis, is unduly burdensome and outweighs the benefit derived. First, there is no time limit to the request. As of January 8, 2007, Dr. Anwar has over 17,700 patient charts. Billings after the date of plaintiff's surgery are irrelevant.

An electronic search can be performed for those years when Dr. Anwar's medical bills were computerized, but the bills from 1989 to 1993 are not computerized and will require a manual search.  This is estimated to be 650 man hours.

**Order:** The Court GRANTS the motion to compel for years 1994 to July 2004, with redaction.  The parties are DIRECTED to meet and confer as to an appropriate protective order, or amendment of the existing protective order.

11.    **Document Request 14:** Documents re diagnosis and treatment of Ms. Boyce.

**Anwar's response to the Request:**   Broad, attorney-client attorney/work, product, privacy, Evid. Code 1157.  Produced the medical chart.

**Plaintiff contends:** It is not clear from his response whether he has produced all responsive documents in his custody and possession — which he is required to do regardless of whether the documents may already be in Ms. Allen's possession.

**Defendant contends:** Dr. Anwar has no other non-privileged documents relating to Regina Boyce's diagnosis and treatment.

**Order**:  While Dr. Anwar states he as produced non-privileged documents, the privilege log

1   needs to be supplemented with specific documents in compliance with Rule 26(b)(5).

2       The Court GRANTS the motion to compel and requires production of documents described

3   in Rule 34(a), and production of a detailed privilege log as required by Rule 26(b)(5).

4   12.     **Document Request 15:** Documents re diagnosis and treatment of Ms. Allen.

5       **Anwar's response to the Request:**   Broad, attorney-client attorney/work, product, privacy,

6   Evid. Code 1157.  Produced the medical chart.

7       **Plaintiff contends:**   Same as Document Request 14.

8       **Defendant contends:** Same as Document Request 14.

9       **Order**:  While Dr. Anwar states he as produced non-privileged documents, the privilege log

10  needs to be supplemented with specific documents in compliance with Rule 26(b)(5).

11      The Court GRANTS the motion to compel and requires production of documents described

12  in Rule 34(a), and production of a detailed privilege log as required by Rule 26(b)(5).

13  13.     **Document Request 16:** Documents re diagnosis and treatment of Julie Holmes.

14      **Anwar's response to the Request:**   Broad, attorney-client attorney/work, product, privacy,

15  Evid. Code 1157.  Produced the medical chart.

16      **Plaintiff contends:** Same as Document Request 14.

17      **Defendant contends:** Same as Document Request 14.

18      **Order**:  While Dr. Anwar states he as produced non-privileged documents, the privilege log

19  needs to be supplemented with specific documents in compliance with Rule 26(b)(5).

20      The Court GRANTS the motion to compel and requires production of documents described

21  in Rule 34(a), and production of a detailed privilege log as required by Rule 26(b)(5).

22  14.     **Document Request 17:** Documents re diagnosis and treatment of Genea Scott.

23      **Anwar's response to the Request:** Broad, attorney-client attorney/work, product, privacy,

24  Evid. Code 1157.  Produced the medical chart.

25      **Plaintiff contends:** Same as Document Request 14.

26      **Defendant contends:** Same as Document Request 14.

27      **Order**:  While Dr. Anwar states he as produced non-privileged documents, the privilege log

28  needs to be supplemented with specific documents in compliance with Rule 26(b)(5).

17

1   The Court GRANTS the motion to compel and requires production of documents described

2   in Rule 34(a), and production of a detailed privilege log as required by Rule 26(b)(5).

3   15.   **Document Request 18:** All documents not already produced relating to consent for treatment

4   from Brenda Allen, Regina Boyce, Julie Holms or Genea Scott.

5   **Anwar's response to the Request:** Broad, attorney-client attorney/work, product, privacy,

6   Evid. Code 1157.  Referred plaintiff to Madera Community Hospital.

7   **Plaintiff contends:** The attorney-client privilege, attorney work product doctrine is

8   improperly asserted. Dr. Anwar's privilege log is insufficient.  Dr. Anwar has not produced all the

9   responsive documents in his possession, custody or control - regardless of whether the documents

10  may already be in Ms. Allen's possession.

11  **Defendant contends:** Dr. Anwar has no other non-privileged documents in his care,

12  custody, or control responsive to this request.

13  **Order**:  While Dr. Anwar states he as produced non-privileged documents, the privilege log

14  needs to be supplemented with specific documents in compliance with Rule 26(b)(5).

15  The Court GRANTS the motion to compel and requires production of documents described

16  in Rule 34(a), and production of a detailed privilege log as required by Rule 26(b)(5).

17  16.   **Document Request 19:** All documents not already produced relating to medical billing for

18  treatment of Brenda Allen, Regina Boyce, Julie Holms or Genea Scott.

19  **Anwar's response to the Request:** Broad, attorney-client attorney/work, product, privacy,

20  Evid. Code 1157.  Referred plaintiff to Madera Community Hospital.

21  **Plaintiff contends:** Dr. Anwar only produced one version of paper bills with hand-marked

22  revisions. It is unclear whether Dr. Anwar has produced all responsive documents.

23  **Defendant contends:** Dr. Anwar has produced all non-privileged documents in his care,

24  custody, or control responsive to this request.

25  **Order**:   Since it is unclear whether Dr. Anwar has produced all responsive documents, he

26  will be compelled to re-respond. The Court GRANTS the motion to compel and requires production

27  of documents described in Rule 34(a), and if Dr. Anwar withholds documents based on privilege,

28  production of a detailed privilege log as required by Rule 26(b)(5).

17.     **Document Request 20:** All documents re any patient who received treatment for boils,
folliculitis, or hidradenitis.

**Anwar's response to the Request:** Broad, attorney-client attorney/work, product, privacy,
Evid. Code 1157, HIPAA.

**Plaintiff contends:** Ms. Allen is entitled to discovery into the medical conditions at issue.
His litany of general objections should not be considered.  His privilege log is inadequate.  Plaintiff
alleges Dr. Anwar treated her and other inmates for improper financial reasons.  The records
regarding his treatment and diagnoses of those conditions —including before and after Ms. Allen's
surgery was performed — are relevant.  Such evidence would demonstrate that Dr. Anwar had a long
history of deliberatively performing unnecessary surgeries for financial gain.  Any burden is
outweighed by the need for this information.

**Defendant contends:**  unduly burdensome and outweighs the benefit derived.  There is no
time limit to the request.  Dr. Anwar has 17,700 patient charts. An electronic search can be
performed for those years when Dr. Anwar's medical bills were computerized, but the bills from
1989 to 1993 are not computerized and will require a manual search.  This is estimated to be 804
man hours.

Patient charts subsequent to the date of Plaintiff's surgery are irrelevant to Plaintiff's claims.
The number of same or similar surgeries Defendant performed on other patients with these
conditions is irrelevant to the issue of whether Dr. Anwar performed the appropriate procedure on
Plaintiff or if he had an alleged financial motive to  perform a more complex surgery than was
medically necessary.

The information is subject to privacy.

**Order:**  Care provided to non-incarcerated patients is not relevant.  The care was given under
different contractual arrangements from that of an incarcerated patient.  Therefore, the Court
DENIES the request for further production as to non-incarcerated patients.

For incarcerated patients, the Court GRANTS the motion to compel and requires production
of documents described in Rule 34(a), for years 1994 to July 2004, and production of a detailed
privilege log as required by Rule 26(b)(5).  The parties are DIRECTED to meet and confer as to an

19

1   appropriate protective order, or amendment of the existing protective order.

2   18.    **Document Request 21:** All documents re billing for any patient who received treatment from

3        Anwar for boils, folliculitis, or hidradenitis.

4       **Anwar's response to the Request:** Broad, attorney-client attorney/work, product, privacy,

5   Evid. Code 1157, HIPAA.

6       **Plaintiff contends:**   Same as Document Request 20.

7       **Defendant contends:** Same as Document Request 20

8       **Order:**  Care provided to non-incarcerated patients is not relevant.  The care was given under

9   different contractual arrangements from that of an incarcerated patient.  Therefore, the Court

10   DENIES the request for further production as to non-incarcerated patients.

11       For incarcerated patients, the Court GRANTS the motion to compel and requires production

12   of documents described in Rule 34(a), for years 1994 to July 2004, and production of a detailed

13   privilege log as required by Rule 26(b)(5).  The parties are DIRECTED to meet and confer as to an

14   appropriate protective order, or amendment of the existing protective order.

15   19.    **Document Request 22:** All documents re complaints made against Anwar by Brenda Allen,

16        Regina Boyce, Julie Holms or Genea Scott.

17       **Anwar's response to the Request:** attorney-client attorney/work, product, privacy,  Evid.

18   Code 1157.  **Supplemental Response** all known documents have been produced or are already in

19   plaintiff's possession.

20       **Plaintiff contends:** the work product doctrine and attorney-client privilege are improperly

21   asserted and Dr. Anwar's privilege log is insufficient.  State law privileges should not be recognized.

22       His response points to possible other sources of the documents requested and curiously notes

23   that "[d]iscovery is continuing," it not clear whether Dr. Anwar has produced all the responsive

24   documents in his possession.

25       **Defendant contends:**  Dr. Anwar has clearly stated that all responsive non-privileged

26   documents have been produced in discovery or are already in Plaintiff's possession.  Complaints, if

27   any lodged subsequent to Plaintiffs care and treatment by Dr. Anwar cannot serve to demonstrate

28   that Dr. Anwar acted with deliberate indifference as to Plaintiff.

1  **Order:** While Dr. Anwar says that he has produced all documents he states that he has done

2  so except for privileged documents.  The privilege log is inadequate for plaintiff to determine which

3  documents are being withheld on the basis of privilege, and on what privilege.  Accordingly, the

4  Court GRANTS production of a detailed privilege log as required by Rule 26(b)(5).

5  20.     **Document Request 23:**  All documents re complaints made against Anwar by any inmate

6         from 1995 to the present.

7  **Anwar's response to the Request:** Overbroad, burdensome, oppressive, attorney-client

8  attorney/work, product, privacy,  Evid. Code 1157, HIPAA.  Supplemental Response: reasonable

9  search performed but no documents in his custody, care and control.

10  **Plaintiff contends:** Same as Document request 13.  Briefly: The documents go to Dr.

11  Anwar's motive and practice of performing improper surgeries on CDCR inmates for financial gain.

12  None of Dr. Anwar's general objections have merit.  No privacy rights are implicated and even if

13  they are, the documents should be produced.  The information called for is relevant and should be

14  produced despite any claims of undue burden and expense by Dr. Anwar.  His medical bills are

15  maintained in computerized format, which include both procedure and diagnosis codes. Surely Dr.

16  Anwar or his staff could run a simple search of his medical billing system to sort for specific

17  procedures and diagnosis codes.

18  Dr. Anwar does — albeit generally — raise three objections which may relate to third party

19  privacy concerns: (i) rights under the California Constitution, (ii) rights under the U.S. Constitution,

20  and (iii) rights under HIPAA.

21  **Defendant contends:** Complaints by other patients, if any, arising after Dr. Anwar's care and

22  treatment of named Plaintiffs have no relevance to the claims asserted by Plaintiff. The complaint

23  alleges events "[o]n or around 1996 through the events of this complaint."

24  Patient complaints, if any, relating to surgeries performed for medical conditions other than

25  those suffered by Plaintiffs are also not relevant to the claims or defenses in this action.

26  **Order:** Documents should not be limited to just similar medical conditions.  Complaints by

27  inmates for unnecessary medical treatment of conditions may show that Dr. Anwar had a practice of

28  treating inmates as plaintiffs allege. Events, however, after the last of the injury to plaintiff are not

1   relevant to show deliberate indifference to this plaintiff.  Accordingly, the Court GRANTS the

2   motion to compel for years 1996 to July 2004, with redaction.  The parties are DIRECTED to meet

3   and confer as to an appropriate protective order, or amendment of the existing protective order.

4   21.   **Document Request 24:** All documents re complaints made against Anwar by any non-

5         incarcerated patient from 1995 to the present.

6         **Anwar's response to the Request:** Overbroad, burdensome, oppressive, attorney-client

7   attorney/work, product, privacy,  Evid. Code 1157, HIPAA.

8         **Plaintiff contends:** Same as document request 23.

9         **Defendant contends:** Same as document request 23.

10        **Order:** Care provided to non-incarcerated patients is not relevant.  The care was given under

11  different contractual arrangements from that of an incarcerated patient.  Therefore, the Court

12  DENIES the request for further production as to non-incarcerated patients.

13  22.   **Document Request 25:** Documents relating to written policies and procedures concerning

14        medical care: patient assessment, treatment, referrals, self-referrals, notification to patients.

15        **Anwar's response to the Request:** Overbroad, attorney client/work product, Evid. Code

16  1157.  No documents within his possession, custody or control.

17        **Plaintiff contends:** The objections based on the work product doctrine and attorney-client

18  privilege is improperly asserted, and Dr. Anwar's privilege log is insufficient.  Dr. Anwar's response

19  is insufficient.  Dr. Anwar merely points to the (partial) contract that he has provided, which does not

20  cover the relevant time period.  Same as Document Request no. 1.

21        **Defendant contends**: Dr. Anwar has responded that he has no documents responsive to this

22  request, except to the extent the contract for provision of medical care to inmates which was in effect

23  during the events in issue in the action could be construed as responsive.

24        **Order:** Anwar states that he has produced all the documents.  On that basis, the Court

25  DENIES the request.

26  23.   **Document Request 26:** Documents on medical treatment on any nonincarcerated patient for

27        boils, folliculitis hiradenitis or for lancing.

28        **Anwar's response to the Request:** Overbroad, burdensome, oppressive, attorney-client

1   attorney/work, product, privacy,  Evid. Code 1157, HIPAA.

2        **Plaintiff contends:** Same as document request 23.

3        **Defendant contends:** Communications relating to non-incarcerated patients are not relevant.

4   Dr. Anwar has 17,700 patient charts. An electronic search can be performed for those years when Dr.

5   Anwar's medical bills were computerized, but the bills from 1989 to 1993 are not computerized and

6   will require a manual search.  This is estimated to be 804 man hours.

7        **Order:** Care provided to non-incarcerated patients is not relevant.  The care was given under

8   different contractual arrangements from that of an incarcerated patient.  Therefore, the Court

9   DENIES the request for further production as to non-incarcerated patients.

10  24.   **Document Request 27:** All documents re how Anwar charged the CDC and non-

11        incarcerated patients for lancings, and related surgeries.

12        **Anwar's response to the Request:** Overbroad, burdensome, oppressive, attorney-client

13  attorney/work, product, privacy,  Evid. Code 1157, HIPAA.

14        **Plaintiff contends:**   Same as document request 23.  If the rates Dr. Anwar charged CDCR

15  for unlisted procedures were much higher than the rates he charged in other contexts, that would tend

16  to show that he exploited the MMSG Contract.

17        **Defendant contends:** Communications relating to charges for nonincarcerated patients are

18  not relevant to the claims and defenses in this action and, thus, this request is overly broad. Dr.

19  Anwar's charges for non-incarcerated patients necessarily depends on his negotiated rates with

20  various providers and insurers. This is proprietary information not subject to disclosure.

21        **Order:** Care provided to non-incarcerated patients is not relevant.  The care was given under

22  different contractual arrangements from that of an incarcerated patient.  Therefore, the Court

23  DENIES the request for further production as to non-incarcerated patients.

24        For incarcerated patients, the Court GRANTS the motion to compel and requires production

25  of documents described in Rule 34(a), for years 1994 to July 2004, and production of a detailed

26  privilege log as required by Rule 26(b)(5).  The parties are DIRECTED to meet and confer as to an

27  appropriate protective order, or amendment of the existing protective order.

28  25.   **Document Request 28:** Documents relating to bill schedules for patients.

1    **Anwar's response to the Request:** Overbroad, burdensome, oppressive, attorney-client

2    attorney/work, product, privacy, irrelevant.

3         **Plaintiff contends:** Same as document request no. 23.

4         **Defendant contends:** Dr. Anwar produced the billing statement for all plaintiffs which

5    shows the amount charged for incarcerated patients. Communications relating to charges for

6    nonincarcerated patients are not relevant to the claims and defenses in this action and, thus, this

7    request is overly broad. Dr. Anwar's charges for non-incarcerated patients necessarily depends on his

8    negotiated rates with various providers and insurers. This is proprietary information not subject to

9    disclosure.

10        **Order:** The Request is vague in that the Court cannot determine what is being requested.

11   Accordingly, the request is DENIED. To the extent the request seeks billing statements, the

12   statements for plaintiffs have been produced. Non-incarcerated patient billing statements are not

13   relevant.

14   26.   **Document Request 29:** Documents of medical bills for patients who received identical

15         procedures to Brenda Allen, Regina Boyce, Julie Holmes, and Genea Scott within the past 11

16         years.

17        **Anwar's response to the Request:** Overbroad, burdensome, oppressive, attorney-client

18   attorney/work, product, privacy, Evid. Code 1157, HIPAA.

19        **Plaintiff contends:** Same as document request 23.

20        **Defendant contends:** Same as document request 23.

21   ////

22   /////

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

1     **Order:** Care provided to non-incarcerated patients is not relevant.  The care was given under

2  different contractual arrangements from that of an incarcerated patient.  Therefore, the Court

3  DENIES the request for further production as to non-incarcerated patients.

4     For incarcerated patients, the Court GRANTS the motion to compel and requires production

5  of documents described in Rule 34(a), for years 1994 to July 2004, and production of a detailed

6  privilege log as required by Rule 26(b)(5).  The parties are DIRECTED to meet and confer as to an

7  appropriate protective order, or amendment of the existing protective order.

8  IT IS SO ORDERED.

9  **Dated:    January 30, 2007**          _____/s/ Lawrence J. O'Neill_____
   b9ed48                                 UNITED STATES MAGISTRATE JUDGE