1
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  BRENDA ALLEN,                              CASE NO. CV-F-05-1104 OWW LJO

12                    Plaintiff,         **ORDER ON PLAINTIFF'S MOTION TO
                                          COMPEL DOCUMENTS FROM THE**
         vs.                             **INDIVIDUAL DEFENDANTS**
13  JEANNE WOODFORD, et al,

14                    Defendants.

15  _____/

16          Plaintiff brings three motions to compel documents from each defendant:

17      (1)     First Set RPD to Muhommad Anwar, M.D.

18      (2)     First Set RPD to Madera Community Hospital

19      (3)     First Set RPD to Jeanne Woodward, Richard Rimmer, Rosanne Campbell,  Gwendolyn

20              Mitchell, Sampath Suryadevara, M.D., and Juan Jose Tur, M.D.

21  This order addresses the motion to compel the <u>individual defendants</u> to supplement responses and

22  produce documents.  The individual defendants, sued in their individual capacities, are Jeanne

23  Woodford, Richard Rimmer, Rosanne Campbell, Gwendolyn Mitchell, Sampath Suryadevara, and Juan

24  Jose Tur (the "California Department of Corrections and Rehabilitation Defendants" or "CDCR

25  Defendants").  The positions held by the individual defendants, in their official capacities, are: Jeanne

26  Woodford is the Director of the California Department of Corrections;  Richard Rimmer is the Acting

27  Director of the California Department of Corrections; Rosanne Campbell is the Deputy Director of

28  Health Care Services of the California Department of Corrections; Gwendolyn Mitchell is the Warden

                                          1

1  of the Central California Women's Facility; Sampath Suryadevara, M.D. is the Chief Medical Officer

2  of CCWF; Juan Jose Tur, M.D. is a physician employed by CCWF and/or the California  Department

3  of Corrections.

4      Plaintiff filed her notice of motion on December 22, 2006.  The parties filed a joint statement

5  re discovery dispute pursuant to Local Rule 37-251 on January 9, 2007. The Court took this matter under

6  submission without oral argument on January 17, 2007.  Having considered the joint statement, and

7  supplemental papers filed, as well as the Court's file, the Court issues the following order.

8                          **BACKGROUND ALLEGATIONS**

9      Plaintiff is a prisoner at Central California Women's Facility (CCWF).  She alleges that the

10  California Department of Corrections ("CDC")/CCWF sent her to Madera Community Hospital for an

11  unnecessary surgery. Plaintiff requested and was denied non-surgical treatment to treat boils in her arm

12  pit region. Despite being notified of Dr. Anwar's injury to another CCWF prisoner, the CDC Defendants

13  sent Plaintiff to Dr. Muhammad Anwar for surgery. Plaintiff received invasive, improper treatment from

14  Dr. Anwar and Madera Community Hospital. The surgery left Plaintiff with limited mobility, flexibility,

15  sensation and pain in her arms.

16      Plaintiffs served the RPD on August 16, 2006.  Defendants responded and objected on October

17  13, 2006.  The primary objections are the official information privilege and the deliberative process

18  privilege.  They also state that the records are not within their possession custody or control of the

19  individual CDCR defendants.

20              **MAJOR OBJECTIONS BY THE INDIVIDUAL DEFENDANTS**

21  **Defendants are Not in Possession, Custody or Control**

22      Defendants supplemented their responses and stated that they were not in possession, custody

23  or control of the documents.  Defendants raise a late objection that discovery is not permitted on the

24  CDCR Defendants in their individual capacities because they are not authorized by the State of

25  California to obtain custody, possession or control of responsive documents.

26       Rule 34 requests may be used to inspect documents, tangible things, or land in the possession,

27  custody, or control of another party.  Property is deemed within a party's 'possession, custody, or control'

28  if the party has actual possession, custody, or control thereof or the legal right to obtain the property on

demand. *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (documents prepared by Federal Reserve and bank during bank examination were subject to discovery despite Federal Reserve's ownership of documents, in light of apparent relevance of documents and fact that bank had possession of documents). A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. *In re Bankers Trust Co.*, 61 F.3d at 470 (Federal Reserve regulations prohibiting disclosure of confidential documents in party's possession held invalid when conflicting with discovery order).

"Control" need not be actual control; courts construe it broadly as "the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir.1989) (Ninth Circuit refused to compel an international union to produce documents belonging to local union affiliates in response to a subpoena where the international union did not have physical possession of the documents); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D.Conn.1989) (party controls document if it has right, authority, or ability to obtain documents on demand). "Legal right" is evaluated in the context of the facts of each case. *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (D.Ill.1977).   The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. *Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D.Nev.1991). The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. *Id.* This position of control is usually the result of statute, affiliation or employment. *Id. In re Citric Acid Litig.* (9th Cir. 1999) 191 F3d 1090, 1107 (court cannot order production of documents held by a separate legal entity, where requested party is not in actual possession or custody of the documents.)

"Control" may be established by the existence of a principal-agent relationship. In *Rosie D. v. Romney*, 256 F.Supp.2d 115, 119 (D.C.Mass.2003), Defendant state officials would be required to produce documents that were in the possession of non-party agencies. The state's Division of Medical Assistance (MDA) delegated the delivery of health services to several entities that in turn were authorized to engage subcontracted service providers. MDA's contracts required these entities to maintain books and records and gave MDA the right to examine and copy these records. There was little doubt, in light of these contractual provisions, that the state officials had the right to control and obtain

the documents that were in the possession of the non-parties.  In *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470 (D. Nev. 1998), Vega sought discovery on Clark's allegations of physical injury by requesting Clark's medical records and sought to compel Vega to execute a medical release. The court denied Vega's motion, finding that Clark did not have control over the records.

Here, the defendants already produced documents responsive to the requests for contract documents, establishing that the CDCR defendant have possession, custody or control of some of the responsive documents.  The documents requested in the RPD, involving contracts, investigations, complaints of medical care would seem to be within the possession, custody or control of the individual defendants in their employment relationship.  Further, defendants do not identify by what they are "not authorized"  – by statute, policy, or merely convenience.

**Eleventh Amendment**

In relation to the possession, custody and control issue, defendant argues that the Eleventh Amendment precludes the production of State documents.  They rely on *Estate of Gonzalez v. Hickman*, --- F.Supp.2d — 2006 WL 3770978 (E.D. Cal. Dec. 21, 2006).

In *Estate of Gonzalez v. Hickman*, --- F.Supp.2d — 2006 WL 3770978 (E.D. Cal. Dec. 21, 2006), estate and minor children of state correctional officer filed § 1983 action alleging that state officials deprived officer of his civil rights. The Magistrate Judge entered on order compelling the State to produce documents pursuant to federal subpoena. On reconsideration, District Judge England denied the motion to compel, holding that State could not be compelled to respond to subpoenas issued in § 1983 action against state officials. *Estate of Gonzalez* stands for the proposition that when a plaintiff issues a third party subpoena *to the state* which is not a party to the action, the state may oppose discovery based on sovereign immunity as provided by the 11th Amendment.

Courts focus on the 11th Amendment's purpose to prevent federal court judgments that would have to be paid out of a State's treasury: '(T)he vulnerability of the State's purse (is) the most salient factor in Eleventh Amendment determinations.' *Hess v. Port Authority Trans–Hudson Corp.* (1994) 513 US 30, 47, 115 S.Ct. 394, 404; *see also Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.* (9th Cir. 1993) 5 F.3d 378, 380.  Eleventh Amendment immunity depends on the State's potential legal liability, regardless of the entity's ability to require indemnification from a third party. *Regents of Univ. of Calif.*

4

*v. Doe* (1997) 519 US 425, 430–431, 117 S.Ct. 900, 904–905 (breach of contract action against University was barred by 11th Amendment because State was legally liable despite University's right to indemnification from U.S. Government.)  Suits against state officers in their individual capacity for damages for violation of federal law (e.g., a federal civil rights suit) are not deemed actions against the state, and hence are not barred by the 11th Amendment. *Scheuer v. Rhodes* (1974) 416 US 232, 237, 94 S.Ct. 1683, 1687.

In the Eastern District, the 11th Amendment precludes a federal subpoena to the state to obtain documents in support of a §1983 claim.  If this Court adopts the CDCR defendants' position, however, the Eleventh Amendment would also bar discovery through them to the State for the same documents.  A Civil Rights plaintiff could, therefore, never obtain discovery in § 1983 actions.  This is not a logical inference and the Court declines to adopt such a wholesale preclusion of discovery in Civil Rights cases.

**Deliberative Process**

Defendants argue that the documents about the activities and decisions surrounding Dr. Anwar, including the decision to terminate him, are protected by the deliberative process privilege.

"Deliberative process" privilege protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Department of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8 (2001).  Government decision makers cannot be compelled to testify about their mental processes in reaching a decision or about their communications and consultations with subordinates. *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991).

For the privilege to apply, the material sought to be disclosed must be: predecisional; and deliberative.  *United States v. Fernandez*, 231 F3d 1240, 1246 (9th Cir. 2000).  Communications are 'deliberative' if they are part of the agency give-and-take by which the decision itself is made. The agency must establish what deliberative process is involved, and the role played by the documents in issue in the course of that process.  *See Carter v. United States Dept. of Commerce*, 307 F.3d 1084, 1090-091 and n.6 (9th Cir. 2002).  The deliberative process privilege does not protect material that simply states or explains a decision the government has already made or material that is purely factual, unless it is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably

1    reveal the government's deliberations.  *In re Sealed Case,* 121 F.3d 729, 737 (D.C. Cir. 1997).

2              Assertion of the deliberative process privileges requires:

3         —a formal claim of privilege by the 'head of the department' having control over the requested

4    information;

5              —assertion of the privilege based on actual personal consideration by that official; and

6         —a detailed specification of the information for which the privilege is claimed, with an

7    explanation of why it properly falls within the scope of the privilege. *Landry v. F.D.I.C.* (DC Cir. 2000)

8    204 F3d 1125, 1131–1132; *United States v. O'Neill* (3rd Cir. 1980) 619 F2d 222, 225.

9              Here, the defendants did not provide the necessary declaration identifying the information they

10   contend are within the deliberative process privilege.  Instead, they rely upon the "lack of possession,

11   custody or control" and assert that the department head does not need to address specific requests.

12             Nonetheless, the privilege is qualified.  The court must balance the compering interests taking

13   into account the following factors:

14                  - the relevance of the evidence;

15                  - the availability of other evidence;

16                  - the seriousness of the litigation;

17                  - whether the government is a party to the litigation; and

18                  - the possibility of future timidity by government employees.  *In re Sealed Case, supra*,

19   121 F.3d at 737-738.

20             There is at least one applicable exception to the deliberative process.  Where there is reason to

21   believe the documents may shed light on government misconduct, the privilege is routinely denied;

22   shielding government deliberations in this context does not satisfy the policy embodied by the privilege.

23   *In re Sealed Case*, 121 F.3d at 738; *Alexander v. F.B.I.* (D DC 2000) 193 FRD 1, 10 (deliberative

24   process privilege not available where White House obtained FBI files in violation of Privacy Act.); Jones

25   and Rosen, <u>Fed.Civ.Trials & Ev.</u>, CH. 8H, §8:4136 (The Rutter Group 2006).

26             The deliberative process privilege does not apply here because the deliberations were not policy

27   formulation.  The deliberations involved one doctor, the care he provided, the risks imposed and the

28   contract for his services.  The deliberations was an employment type decision, not policy formulation.

1    In addition, the plaintiffs challenge the exact government conduct involved in the decision to

2   use/continue use of Dr. Anwar's medical services.  This an exception to the deliberative process

3   privilege where the documents may shed light on the government misconduct.

4    Further, factual information in the documents is not protected.

5   **Official Information Privilege**

6    Federal common law recognizes a qualified privilege for 'official information.' Courts must

7   determine whether the potential benefits of disclosure outweigh the potential disadvantages. *Sanchez*

8   *v. City of Santa Ana*, 936 F2d 1027, 1033 (9th Cir. 1990); *see Miller v. Pancucci*, 141 FRD 292,

9   299–300  (CD CA 1992) (discussing procedure for claiming privilege).

10    A party asserting this privilege must provide an affidavit or declaration under penalty of perjury

11   from the head of the department that has control over the matter, stating: the agency generated or

12   collected the material in issue and has in fact maintained its confidentiality;

13    —the official has personally reviewed the material in question; and

14    —a specific identification of the governmental or privacy interests that would be threatened by

15   disclosure of the material to plaintiff and/or his or her lawyer. *See Miller v. Pancucci,* 141 FRD 292, 301

16   (CD CA 1992).

17    Again, defendant did not provide this information.

18   **DISPUTED DOCUMENT REQUESTS**

19    Herein below, the Court summarizes the document requests and the parties' contentions and rules

20   on the requests.  Other objections interposed by CDCR defendants are addressed in the Court's

21   accompanying order compelling responses from Dr. Anwar.

22   1.    **Document Request 1:** All documents referring to contracts with Anwar or Madera Multi-

23        Speciality group for provision of medical services to CDC.

24    **Defendants' response to the Request:** compound, vague, ambiguous, overly broad,

25   burdensome, oppressive, documents equally available, irrelevant.  Will produce all documents in their

26   possession, custody and control responsive to this request.  In a supplemental response, defendants

27   stated: Responding parties, sued in their individual capacities, have no legal right to the documents

28   requested and thus have no documents in their possession, custody, or control responsive.

**Plaintiff contends:** Defendants produced 2 contracts.  The production did not include any unexecuted drafts, negotiations, or other documents referring to these contracts, such as emails or letters or documents referenced in the contract, such as the HCSD Rate Approval Memo.  These documents are relevant they could also show whether any clause was deleted or added to the contract, whether the compensation structure was revised, and who conducted the contract negotiations, and why Dr. Anwar was terminated from the contract.

*Boilerplate objections* should be overruled.  The grounds for objections were not stated with specificity.

*Electronic Documents* were not produced.  The CDCR Defendants did not produce a single email or electronic document.  Rule 34(a) states documents include electronically stored information.

*Not equally available.*  These documents are not equally available as they are not publicly available and were produced with a "confidential" stamp on them.

*Possession, Custody or Control.* Defendants argue discovery is not permitted on the CDCR Defendants in their individual capacities because they are not authorized by the state to obtain custody, possession or control of responsive documents.  First ,this objection should be waived because it was not raised in the response and documents were produced.  In *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988), the Ninth Circuit explained that state immunity under the Eleventh Amendment does not bar suits against state employees in their individual capacities and that the state cannot thwart such suits by indemnifying state officials. The Ninth Circuit relied in part on *Duckworth v. Franzen*, 780 F.2d 645, 651 (7th Cir. 1985), *cert. denied*, 479 U.S. 816 (1986) which explained in turn that "it would be absurd if all a state had to do to put its employees beyond the reach of section 1983 . . . was to promise to indemnify. . . ."

They do not deny that responsive documents exist – two contracts were produced.  The documents are readily available to the individual defendants.  The documents requested are in the possession of the CDCR Defendants and they should be required to produce them. *See*, *e.g.*, *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 181 (S.D.N.Y. 2006) (Court granted a motion to compel certain company documents from an employee defendant, rejecting the defendant's argument that the documents belonged to his company and holding "employees are permitted to utilize the

8

documents in the course of employment, as they must in order to perform their jobs, and therefore [defendant] has the practical ability to obtain them.") (emphasis added). The CDCR Defendants' arguments should be rejected because they are: (I) based on inapplicable caselaw, (ii)ignore relevant authority from this District requiring individual state employee defendants to produce state documents, and (iii) were raised four months after responses were due and therefore are waived. Ms. Allen is seeking documents created, received, reviewed -- and otherwise in the possession and custody of the CDCR Defendants.

The CDCR Defendants' sudden reliance on this objection that they do not have possession, custody, or control of their own records is contrary to the representation made months ago that the CDCR Defendants would not raise this objection.

**Defendant contends:** *Moot.* The motion to compel is moot because the notice of motion fails to state grounds to compel in light of the supplemental responses. The supplemental responses were not the subject of a meet and confer under Local Rule 37-251(b).

*Eleventh Amendment Immunity*. Eleventh amendment immunity precludes production by state employees sued in their individual capacities. The CDCR Defendants have been sued in their individual capacities only. The CDCR defendants are employed by the State. The State is not obligated, therefore, to authorize its employees to obtain possession, custody or control of documents and information. The CDCR defendants, in their official capacities, have no authorization from the State or other legal grounds to procure any documents or information.

Defendants cite: *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 472 (1998) (party was not in control of her medical records although she might obtain copy by signing release). A party is also not in control of records that the requesting party has equal ability to obtain from public sources. *See Estate of Young Through Young v. Holmes*, 134 F.R.D. 291, 294 (1991). The party seeking production of the documents bears the burden of proving that the opposing party has such control. *U.S. v International Union of Petroleum & Industrial Workers*, 870 F.2d 1450 (1989).

*Attorney Client Privilege*. Although the CDCR Defendants do not have possession, custody or control of such documents, as reflected in their supplemental responses, this request seeks documents protected by the attorney-client privilege.

9

**Order:**

*Moot and Good Faith Meet and Confer*.  The motion is not moot.  The notice of motion stated that a Joint Statement "addressing the CDCR Defendants' responses would be filed before hearing." This is adequate notice of what responses would be at issue in the motion. The supplemental responses were served before the filing of the Joint Statement, and the Joint statement included the supplemental responses.

The argument that there was inadequate meet and confer on the supplemental responses is without merit.  The supplemental responses all contain a statement that "Responding parties, sued in their individual capacities, have no legal right to the documents requested and thus have no  documents in their possession, custody, or control responsive to this request other than those documents already produced."  This objection was discussed by counsel. Accordingly, further meet and confer would be fruitless.

*Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration by the supervisor/s of the named individual defendants explaining the issue of access to documents: who has access, who does not, the statute relied upon, the written policy relied upon, under what circumstances is access granted, the process of getting access and why that process does not allow access by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

2.    **Document Request 2:** Documents referred to any contract or agreement or negotiation with Madera Community for the provision of medical services.

**Defendants' response to the Request:** Same objections as Document request 1.

**Plaintiff contends:** Defendants' response to this request consisted of one contract between the CDCR and Madera Community Hospital did not include contracts before July 1, 2005 or any unexecuted drafts, negotiations, or other documents referring to these contracts, such as emails or letters.  Plaintiffs will limit the request by time and scope to when Dr. Anwar was first contractually allowed to perform surgeries on inmates.

These documents are relevant because they could show what steps were taken, if any, to investigate the quality of prior care rendered at Madera. They could also show whether any clause was

1   deleted or added to the contract.

2        Response to other objections is the same as in Document request no. 1.

3        **Defendant contends:** Same arguments as in Document request no. 1.

4        **Order:**

5        *Possession, Custody or Control.* The Court DIRECTS the CDCR defendants to file a declaration

6   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

7   has access, who does not, the statute relied upon, the written policy relied upon, under what

8   circumstances is access granted, the process of getting access and why that process does not allow access

9   by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court

10  finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

11  3.      **Document Request 3:** Documents regarding complaint made by any person of Dr. Anwar's

12          medical treatment.

13       **Defendants' response to the Request:** compound, vague, ambiguous, overly broad,

14  burdensome, oppressive, seeks documents equally available, attorney client privilege, privacy rights of

15  non-party inmates, the safety and security of the institution, Personnel files contain privileged official

16  information. No possession custody or control.

17       **Plaintiff contends:** Defendants produced nothing. The privacy rights do not outweigh Plaintiff's

18  need for these documents, and the boilerplate objections are not sufficient.

19       *Relevance.* CDCR Defendants knew of a substantial risk of harm to inmates such as Ms.

20  Allen, and disregarded that risk, by the complaints made by inmates or CDCR employees about Dr.

21  Anwar's medical treatment. Plaintiff agreed to limit the request to the past 10 years.

22       Without evidence of prior knowledge about Dr. Anwar's conduct, Plaintiff cannot prove a

23  requisite element of her case. Defendants are the only source of this information. The CDCR did not

24  maintain the secrecy of Anwar's file. On November 18, 2005, Senior Staff Counsel for the CDCR's

25  Legal Affairs office sent Dr. Anwar's counsel a letter describing in detail some of the complaints lodged

26  against Dr. Anwar contained in the CDCR's file.

27       *Official Information Privilege.* The CDCR Defendants object based on both the Federal official

28  information privilege and on the State official information privilege found in California Evidence Code

section 1040. State privileges, however, are not applicable in federal question cases such as claims involving section 1983. *Kerr v. District Court*, 511 F.2d 192, 197 (9th Cir. 1975) (refusing to apply California Evidence Code section 1040 in section 1983 action).

To properly invoke the federal official information privilege, however, the asserting party must make a "substantial threshold showing" by submitting, "at the time it files and serves its response to the discovery request, a declaration or affidavit."  The CDCR Defendants made no such threshold showing. No declaration was submitted. No assertion that the confidentiality of the material has been maintained was made.

The official information privilege is not absolute, and will be set aside when the potential benefits of disclosure outweigh the potential disadvantages. *Miller*, 141 F.R.D. at 299.

*Safety*. Defendants make a murky argument that the safety and security of the employees, the institution, inmates, and other correction and medical personnel could be jeopardized.  No effort is made to elaborate on how their safety would be jeopardized, how a protective order would not cure these concerns, general assertions of harm are not enough to justify the CDCR Defendants' outright refusal to produce responsive documents. *Soto v. City of Concord*, 162 F.R.D. 603, 614 (N.D. Cal. 1995).

*The Deliberative Process Privilege.*  The deliberative process privilege, however, does not apply here because these documents fall outside the scope of the privilege, the CDCR defendants did not properly invoke the privilege, and Plaintiff's need for this information outweighs any harm to the government from disclosure. The privilege relates for policy formulation. Here, the communications and deliberations (or lack thereof) at issue are about one doctor, whether he posed a risk to an inmate population, and whether his contract should be terminated. This employment decision does not qualify as policy formulation.

The deliberative process privilege only applies where the governmental decision-making is collateral to the litigation.  Plaintiff is attacking the very integrity of the decision-making process that allowed Dr. Anwar to continue operating on inmates at CCWF and VSPW.

The deliberative process privilege does not apply to material that is purely factual.  *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). Plaintiff's request seeks the when, how, and what certain officials were informed of regarding problems with Dr. Anwar.

1    The privilege is not absolute, and will be overcome when, as here, a sufficient showing of need

2    exists. *In re Sealed Case*, 121 F.3d at 737.

3    *Federal Privacy Act.* The CDCR Defendants also assert that documents responsive to this request

4    are protected by the Federal Privacy Act, found at 5 U.S.C.A. section 552a. This Act, however, applies

5    only to federal agencies, and therefore does not provide a shelter for objection here, because the CDCR

6    is a state agency. *St. Michaels Convalescent Hosp. v. State of California*, 643  F.2d 1369, 1373 (9th Cir.

7    1981).

8    *Right to Privacy*. State privileges do not apply in Federal court.  As for the privacy rights of third

9    parties, while there is no federal physician-patient privilege, federal courts do recognize a limited right

10    of privacy in one's medical information. See, e.g., *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D.

11    Cal., 1995).  This right is not absolute and the nature of the privacy right will be weighed against the

12    need for the information and interest in disclosure. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281,

13    284 (C.D. Cal. 1998).  If there is a privacy concern, plaintiff agrees to a redaction of the indemnifying

14    information.

15    *Waiver of Privileges*.  Defendants have not yet produced any privilege log in response to these

16    requests, and is 5 months late.  Defendants have waived any claims to privilege.

17    **Defendant contends:**

18    *Deliberative process:*  Government decisionmakers cannot be compelled to testify about their

19    mental processes in reaching a decision or about their communications and consultations with

20    subordinates. *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991).  CDCR conducted an

21    investigation into complaints about Dr. Anwar. The CDCR is an executive agency of the State of

22    California. All documents and communications concerning this deliberative process are, therefore,

23    privileged.

24    *Official Information Privilege.* Federal common law recognizes a qualified privilege for official

25    information. *Sanchez v. City of Santa Ana*, 936 F2d at 1033.  A party asserting this privilege must

26    provide an affidavit or declaration under penalty of perjury from the head of the department.  the official

27    information privilege is invoked by the CDCR Defendants' State agency  employers, which are not a

28    party to this action. This is an issue, therefore, that needs to be resolved as part of a subpoena or motion

for protective order regarding discovery from non-party State of California. The CDCR Defendants have been sued in their individual capacities and, therefore, have no authority or legal basis to procure documents in the possession, custody or control of their employer.

*State law privileges.*  Assuming the Court grants the motion to compel, defendants request a protective order restricting use and dissemination of the information disclosed.  A federal court is not bound to recognize state privileges in federal question cases. *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519, fn. 6 (9th Cir. 1987).  Nevertheless, federal courts will usually attempt to accommodate the policies reflected in the state law.

**Order:**

*Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration by the supervisor/s of the named individual defendants explaining the issue of access to documents: who has access, who does not, the statute relied upon, the written policy relied upon, under what circumstances is access granted, the process of getting access and why that process does not allow access by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

4.    **Document Request 4:** Documents reflecting Dr. Anwar's medical billing.

**Defendants' response to the Request:** Same objections as document request 1 and 3.

**Plaintiff contends:** Same as document request 1 and 3.

**Defendant contends:** Same as document request 1 and 3.

**Order:**

*Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration by the supervisor/s of the named individual defendants explaining the issue of access to documents: who has access, who does not, the statute relied upon, the written policy relied upon, under what circumstances is access granted, the process of getting access and why that process does not allow access by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

1.    **Document Request 5:** Documents reflecting Dr. Anwar's self-referrals, as mentioned in "Attachment A."

14

1    **Defendants' response to the Request:** Same objections as document request 1 and 3.

2    **Plaintiff contends:** Attachment A to Request for Production No. 6 is the letter from CDCR's

3    Senior Staff Counsel to Dr. Anwar's counsel that describes some of the complaints the CDCR received.

4    The letter describes complaints made by nine inmates but has not been produced.  Nothing has been

5    produced.

6    Same as document request 1 and 3.

7    **Defendant contends:** Same as document request 1 and 3.

8    **Order:**

9    *Possession, Custody or Control.* The Court DIRECTS the CDCR defendants to file a declaration

10   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

11   has access, who does not, the statute relied upon, the written policy relied upon, under what

12   circumstances is access granted, the process of getting access and why that process does not allow access

13   by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court

14   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

15   6.    **Document Request 6:** Documents relating to complaints against Dr. Anwar made by Inmate 1

16         as identified in attachment A.

17   **Defendants' response to the Request:** Same objections as Document request 1 and 3.

18   **Plaintiff contends:** Plaintiff seeks the complaints made by a specific inmate.  Same as Document

19   request 1 and 3.

20   **Defendant contends:** Same as Document request 1 and 3.

21   **Order:**

22   *Possession, Custody or Control.* The Court DIRECTS the CDCR defendants to file a declaration

23   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

24   has access, who does not, the statute relied upon, the written policy relied upon, under what

25   circumstances is access granted, the process of getting access and why that process does not allow access

26   by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court

27   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

28   7.    **Document Request 7:** Documents relating to complaints against Dr. Anwar made by Inmate 2

1    as identified in attachment A.

2    **Defendants' response to the Request:** Same objections as Document request 1 and 3.

3    **Plaintiff contends:** Same as Document request 1 and 3.

4    **Defendant contends:** Same as Document request 1 and 3.

5    **Order:**

6    *Possession, Custody or Control.* The Court DIRECTS the CDCR defendants to file a declaration

7    by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

8    has access, who does not, the statute relied upon, the written policy relied upon, under what

9    circumstances is access granted, the process of getting access and why that process does not allow access

10   by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court

11   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

12   8.   **Document Request 8:** Documents relating to complaints against Dr. Anwar made by Inmate

13        3 as identified in attachment A.

14        **Defendants' response to the Request:** Same objections as Document request 1 and 3.

15        **Plaintiff contends:** Same as Document request 1 and 3.

16        **Defendant contends:** Same as Document request 1 and 3.

17        **Order:**

18   *Possession, Custody or Control.* The Court DIRECTS the CDCR defendants to file a declaration

19   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

20   has access, who does not, the statute relied upon, the written policy relied upon, under what

21   circumstances is access granted, the process of getting access and why that process does not allow access

22   by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court

23   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

24   9.   **Document Request 9:** Documents relating to complaints against Dr. Anwar made by Inmate 4

25        as identified in attachment A.

26        **Defendants' response to the Request:** Same objections as Document request 1 and 3.

27        **Plaintiff contends:** Same as Document request 1 and 3.

28        **Defendant contends:** Same as Document request 1 and 3.

16

1    **Order:**

2    *Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration

3    by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

4    has access, who does not, the statute relied upon, the written policy relied upon, under what

5    circumstances is access granted, the process of getting access and why that process does not allow access

6    by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court

7    finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

8    10.    **Document Request 10:** Documents relating to complaints against Dr. Anwar made by Inmate

9           5 as identified in attachment A.

10          **Defendants' response to the Request:** Same objections as Document request 1 and 3.

11          **Plaintiff contends:** Same as Document request 1 and 3.

12          **Defendant contends:** Same as Document request 1 and 3.

13          **Order:**

14          *Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration

15   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

16   has access, who does not, the statute relied upon, the written policy relied upon, under what

17   circumstances is access granted, the process of getting access and why that process does not allow access

18   by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court

19   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

20   11.    **Document Request 11:** Documents relating to complaints against Dr. Anwar made by Inmate

21          6 as identified in attachment A.

22          **Defendants' response to the Request:** Same objections as Document request 1 and 3.

23          **Plaintiff contends:** Same as Document request 1 and 3.

24          **Defendant contends:** Same as Document request 1 and 3.

25          **Order:**

26          *Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration

27   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

28   has access, who does not, the statute relied upon, the written policy relied upon, under what

circumstances is access granted, the process of getting access and why that process does not allow access by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

1.    **Document Request 12:** Documents relating to complaints against Dr. Anwar made by Inmate 7 as identified in attachment A.

**Defendants' response to the Request:** Same objections as Document request 1 and 3.

**Plaintiff contends:** Same as Document request 1 and 3.

**Defendant contends:** Same as Document request 1 and 3.

**Order:**

*Possession, Custody or Control*. The Court DIRECTS the CDCR defendants to file a declaration by the supervisor/s of the named individual defendants explaining the issue of access to documents: who has access, who does not, the statute relied upon, the written policy relied upon, under what circumstances is access granted, the process of getting access and why that process does not allow access by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

13.    **Document Request 13:** Documents relating to complaints against Dr. Anwar made by Inmate 8 as identified in attachment A.

**Defendants' response to the Request:** Same objections as Document request 1 and 3.

**Plaintiff contends:** Same as Document request 1 and 3.

**Defendant contends:** Same as Document request 1 and 3.

**Order:**

*Possession, Custody or Control*. The Court DIRECTS the CDCR defendants to file a declaration by the supervisor/s of the named individual defendants explaining the issue of access to documents: who has access, who does not, the statute relied upon, the written policy relied upon, under what circumstances is access granted, the process of getting access and why that process does not allow access by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

/////

18

1    14.    **Document Request 14:** Documents relating to the states investigation leading to the decision

2           to stop using Dr. Anwar as a service provider.

3           **Defendants' response to the Request:** Same objections as Document request 1 and 3.

4           **Plaintiff contends:** Same as Document request 1 and 3.

5           **Defendant contends:** Same as Document request 1 and 3.

6           **Order:**

7           *Possession, Custody or Control*. The Court DIRECTS the CDCR defendants to file a declaration

8    by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

9    has access, who does not, the statute relied upon, the written policy relied upon, under what

10   circumstances is access granted, the process of getting access and why that process does not allow access

11   by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court

12   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

13   15.    **Document Request 15:** Documents relating to the state's investigation that did NOT lead to the

14          decision to stop using Dr. Anwar as a service provider

15          **Defendants' response to the Request:** Same objections as Document request 1 and 3.

16          **Plaintiff contends:** Same as Document request 1 and 3.

17          **Defendant contends:** Same as Document request 1 and 3.

18          **Order:**

19          *Possession, Custody or Control*. The Court DIRECTS the CDCR defendants to file a declaration

20   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

21   has access, who does not, the statute relied upon, the written policy relied upon, under what

22   circumstances is access granted, the process of getting access and why that process does not allow access

23   by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court

24   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

25   16.    **Document Request 16:** Documents relating to investigations of Anwar's billing practices.

26          **Defendants' response to the Request:** Same objections as Document request 1 and 3.

27          **Plaintiff contends:** Same as Document request 1 and 3.

28          **Defendant contends:** Same as Document request 1 and 3.

**Order:**

*Possession, Custody or Control*. The Court DIRECTS the CDCR defendants to file a declaration by the supervisor/s of the named individual defendants explaining the issue of access to documents: who has access, who does not, the statute relied upon, the written policy relied upon, under what circumstances is access granted, the process of getting access and why that process does not allow access by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

17.   **Document Request 17:** Documents relating to Dr. Anwar's self' referrals as mentioned in Attachment A.

     **Defendants' response to the Request:** Same objections as Document request 1 and 3.

     **Plaintiff contends:** Same as Document request 1 and 3.

     **Defendant contends:** Same as Document request 1 and 3.

     **Order:**

*Possession, Custody or Control*. The Court DIRECTS the CDCR defendants to file a declaration by the supervisor/s of the named individual defendants explaining the issue of access to documents: who has access, who does not, the statute relied upon, the written policy relied upon, under what circumstances is access granted, the process of getting access and why that process does not allow access by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

18.   **Document Request 18:** Documents prepared by Chrisman L. Swanberg in connection with the state's decision to discontinue suing Dr. Anwar.

     **Defendants' response to the Request:** Same objections as Document request 1 and 3.

     **Plaintiff contends:** Chrisman L. Swanberg is the Senior Staff Counsel at the CDC and wrote the letter to Dr. Anwar's attorney advising that Dr. Anwar had been terminated. The letter has not been produced.

     Same as Document request 1 and 3.

     **Defendant contends:** Same as Document request 1 and 3.

/////

**Order:**

*Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration by the supervisor/s of the named individual defendants explaining the issue of access to documents: who has access, who does not, the statute relied upon, the written policy relied upon, under what circumstances is access granted, the process of getting access and why that process does not allow access by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

19.    **Document Request 19:** Documents prepared by Renee Kanan in connection with the state's investigation of Dr. Anwar or the decision to stop using Dr. Anwar.

**Defendants' response to the Request:** Same objections as Document request 1 and 3.

**Plaintiff contends:** Dr. Renee Kanan, an employee of the CDC, was a critic of Dr. Anwar and may have prepared documents.

Same as Document request 1 and 3.

**Defendant contends:** Same as Document request 1 and 3.

**Order:**

*Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration by the supervisor/s of the named individual defendants explaining the issue of access to documents: who has access, who does not, the statute relied upon, the written policy relied upon, under what circumstances is access granted, the process of getting access and why that process does not allow access by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

20.    **Document Request 20:** Documents in connection with the decision to discontinue using Dr. Anwar as a service provider, including documents created by Corey Pierini, Sampath Suryadevara M.D., Renee Kanan, M.D., Randy Lewis, R.N. and Rene Roberts, R.N.

**Defendants' response to the Request:** Same objections as Document request 1 and 3.

**Plaintiff contends:** Same as Document request 1 and 3.

**Defendant contends:** Same as Document request 1 and 3.

/////

1    **Order:**

2    *Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration

3    by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

4    has access, who does not, the statute relied upon, the written policy relied upon, under what

5    circumstances is access granted, the process of getting access and why that process does not allow access

6    by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court

7    finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

8    21.    **Document Request 28:** Documents relating to bills submitted by Dr. Anwar relating to Inmate

9            1 as identified in Attachment A.

10           **Defendants' response to the Request:** Same objections as Document request 1 and 3.

11           **Plaintiff contends:** Attachment A is the letter from CDCR's Senior Staff Counsel to Dr.

12   Anwar's counsel that describing some of the complaints the CDCR received against Dr. Anwar. "Inmate

13   1" complained that Dr. Anwar removed lymph nodes from her left armpit and left a large cut under her

14   arm. Same as Document request 1 and 3.

15           **Defendant contends:** Same as Document request 1 and 3.

16           **Order:**

17           *Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration

18   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

19   has access, who does not, the statute relied upon, the written policy relied upon, under what

20   circumstances is access granted, the process of getting access and why that process does not allow access

21   by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court

22   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

23   22.    **Document Request 29:** Documents relating to bills submitted by Dr. Anwar relating to Inmate

24           2 as identified in Attachment A.

25           **Defendants' response to the Request:** Same objections as Document request 1 and 3.

26           **Plaintiff contends:** "Inmate 2" complained that Dr. Anwar performed a lymph node resection

27   even though a CDCR doctor found her lymph nodes to be normal and a later pathology report showed

28   that the lymph nodes were benign.  Same as Document request 1 and 3.

1   **Defendant contends:** Same as Document request 1 and 3.

2   **Order:**

3   *Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration

4   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

5   has access, who does not, the statute relied upon, the written policy relied upon, under what

6   circumstances is access granted, the process of getting access and why that process does not allow access

7   by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court

8   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

9   23.   **Document Request 30:** Documents relating to bills submitted by Dr. Anwar relating to Inmate

10      3 as identified in Attachment A.

11   **Defendants' response to the Request:** Same objections as Document request 1 and 3.

12   **Plaintiff contends:** "Inmate 3" had a history of boils and complained that Dr. Anwar removed

13   sweat glands and cut nerves during a procedure that was more invasive than was ever explained to her

14   and to which she did not consent.  Same as Document request 1 and 3.

15   **Defendant contends:** Same as Document request 1 and 3.

16   **Order:**

17   *Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration

18   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

19   has access, who does not, the statute relied upon, the written policy relied upon, under what

20   circumstances is access granted, the process of getting access and why that process does not allow access

21   by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court

22   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

23   24.   **Document Request 31:** Documents relating to bills submitted by Dr. Anwar relating to Inmate

24      4 as identified in Attachment A.

25   **Defendants' response to the Request:** Same objections as Document request 1 and 3.

26   **Plaintiff contends:** "Inmate 4" had several small abscesses that were resolved with antibiotics.

27   Nevertheless, Dr. Anwar performed surgery, making a 15cm incision (to which "Inmate 4" never

28   consented), resulting in a major loss of range of motion.  Same as Document request 1 and 3.

1    **Defendant contends:** Same as Document request 1 and 3.

2    **Order:**

3    *Possession, Custody or Control*. The Court DIRECTS the CDCR defendants to file a declaration

4    by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

5    has access, who does not, the statute relied upon, the written policy relied upon, under what

6    circumstances is access granted, the process of getting access and why that process does not allow access

7    by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court

8    finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

9    25.    **Document Request 32:** Documents relating to bills submitted by Dr. Anwar relating to Inmate

10    5 as identified in Attachment A.

11    **Defendants' response to the Request:** Same objections as Document request 1 and 3.

12    **Plaintiff contends:** "Inmate 5" had an excision/biopsy of tumor performed by Dr. Anwar in

13    2001. Two days later, Dr. Anwar recommended a radical left mastectomy, telling the patient she did not

14    have time for a second opinion. Dr. Anwar performed the radical left mastectomy the next day. an

15    oncological physician later criticized Dr. Anwar for the lack of an oncological consultation prior to the

16    surgery, told "Inmate 5" that the radical mastectomy may not have been necessary, and that the tissue

17    and muscle had been sewn together incorrectly, and that her arm and chest would not function correctly

18    without corrective plastic surgery. Same as Document request 1 and 3.

19    **Defendant contends:** Same as Document request 1 and 3.

20    **Order:**

21    *Possession, Custody or Control*. The Court DIRECTS the CDCR defendants to file a declaration

22    by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

23    has access, who does not, the statute relied upon, the written policy relied upon, under what

24    circumstances is access granted, the process of getting access and why that process does not allow access

25    by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court

26    finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

27    26.    **Document Request 33:** Documents relating to bills submitted by Dr. Anwar relating to Inmate

28    6 as identified in Attachment A.

1    **Defendants' response to the Request:** Same objections as Document request 1 and 3.

2    **Plaintiff contends:** "Inmate 6" complained that Dr. Anwar performed several surgeries without

3    her informed consent and that left her disfigured. Same as Document request 1 and 3.

4    **Defendant contends:** Same as Document request 1 and 3.

5    **Order:**

6    *Possession, Custody or Control.* The Court DIRECTS the CDCR defendants to file a declaration

7    by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

8    has access, who does not, the statute relied upon, the written policy relied upon, under what

9    circumstances is access granted, the process of getting access and why that process does not allow access

10   by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court

11   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

12   27.    **Document Request 34:** Documents relating to bills submitted by Dr. Anwar relating to Inmate

13          7 as identified in Attachment A.

14   **Defendants' response to the Request:** Same objections as Document request 1 and 3.

15   **Plaintiff contends:** "Inmate 7" complained that Dr. Anwar performed an unnecessary surgery

16   that did not address her medical needs. Same as Document request 1 and 3.

17   **Defendant contends:** Same as Document request 1 and 3.

18   **Order:**

19   *Possession, Custody or Control.* The Court DIRECTS the CDCR defendants to file a declaration

20   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

21   has access, who does not, the statute relied upon, the written policy relied upon, under what

22   circumstances is access granted, the process of getting access and why that process does not allow access

23   by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court

24   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

25   28.    **Document Request 35:** Documents relating to bills submitted by Dr. Anwar relating to Inmate

26          8 as identified in Attachment A.

27   **Defendants' response to the Request:** Same objections as Document request 1 and 3.

28   **Plaintiff contends:** "Inmate 8" complained that Dr. Anwar performed three surgeries in 2004

1  and 2005 for an abscess on her arm. "Inmate 8" complained that the surgeries did not help her problem,

2  and she is critical of the treatment she received from Dr. Anwar.  Same as Document request 1 and 3.

3  **Defendant contends:** Same as Document request 1 and 3.

4  **Order:**

5  *Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration

6  by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

7  has access, who does not, the statute relied upon, the written policy relied upon, under what

8  circumstances is access granted, the process of getting access and why that process does not allow access

9  by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court

10 finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

11 29.   **Document Request 36:** Documents relating to bills submitted by Dr. Anwar for excision of

12        boils and medical treatment around the armpit area.

13 **Defendants' response to the Request:** Same objections as Document request 1 and 3.

14 **Plaintiff contends:** Same as Document request 1 and 3.

15 **Defendant contends:** Same as Document request 1 and 3.

16 **Order:**

17 *Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a declaration

18 by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

19 has access, who does not, the statute relied upon, the written policy relied upon, under what

20 circumstances is access granted, the process of getting access and why that process does not allow access

21 by these defendants.  The declaration shall be filed within 10 days of the service of this order.  The Court

22 finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

23 30.   **Document Request 37:** Documents relating to bills submitted by Dr. Anwar for treatment of

24        Regina Boyce, Brenda Allen, Genea Scott, and/or Julie Holmes.

25 **Defendants' response to the Request:** Same objections as Document request 1 and 3.

26 **Plaintiff contends:** Same as Document request 1 and 3.

27 **Defendant contends:** Same as Document request 1 and 3.

28 **Order:**

26

1    *Possession, Custody or Control*. The Court DIRECTS the CDCR defendants to file a declaration

2    by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

3    has access, who does not, the statute relied upon, the written policy relied upon, under what

4    circumstances is access granted, the process of getting access and why that process does not allow access

5    by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court

6    finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

7    31.    **Document Request 38:** Documents relating to an investigation by any other office or agency

8           relating to Dr. Anwar.

9           **Defendants' response to the Request:** Same objections as Document request 1 and 3.

10          **Plaintiff contends:** Same as Document request 1 and 3.

11          **Defendant contends:** Same as Document request 1 and 3.

12          **Order:**

13   *Possession, Custody or Control*. The Court DIRECTS the CDCR defendants to file a declaration

14   by the supervisor/s of the named individual defendants explaining the issue of access to documents: who

15   has access, who does not, the statute relied upon, the written policy relied upon, under what

16   circumstances is access granted, the process of getting access and why that process does not allow access

17   by these defendants. The declaration shall be filed within 10 days of the service of this order. The Court

18   finds that the declaration/s is/are a prerequisite to a further consideration/grant of the document request.

19   IT IS SO ORDERED.

20   **Dated:    January 30, 2007           /s/ Lawrence J. O'Neill**
     b9ed48                            UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28