IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA ALLEN,<br><br>              Plaintiff,<br>     vs.<br>JEANNE WOODFORD, et al,<br><br>              Defendants.<br>_____/ | CASE NO. CV-F-05-1104 OWW LJO<br><br>**ORDER ON PLAINTIFF'S MOTION TO COMPEL DOCUMENTS FROM MADERA COMMUNITY HOSPITAL** |

Plaintiff brings three motions to compel documents from each defendant:

(1)    First Set RPD to Muhommad Anwar, M.D.,

(2)    First Set RPD to Madera Community Hospital,

(3)    First Set RPD to Jeanne Woodward, Richard Rimmer, Rosanne Campbell, Gwendolyn Mitchell, Sampath Suryadevara, M.D., and Juan Jose Tur, M.D.

This order addresses the motion to compel Madera Community Hospital ("Madera") to supplement responses and produce documents.

Plaintiff filed her notice of motion on December 22, 2006. The parties filed a joint statement re discovery dispute pursuant to Local Rule 37-251 on January 9, 2007. The Court took this matter under submission without oral argument on January 17, 2007. Having considered the joint statement, and supplemental papers filed, as well as the Court's file, the Court issues the following order.

/////

/////

**BACKGROUND ALLEGATIONS**

Plaintiff is a prisoner at Central California Women's Facility (CCWF). She alleges that the California Department of Corrections ("CDC")/CCWF sent her to Madera Community Hospital for an unnecessary surgery. Plaintiff requested and was denied non-surgical treatment to treat boils in her arm pit region. Despite being notified of Dr. Anwar's injury to another CCWF prisoner, the CDC Defendants sent Plaintiff to Dr. Muhammad Anwar for surgery. Plaintiff received invasive, improper treatment from Dr. Anwar and Madera Community Hospital. The surgery left Plaintiff with limited mobility, flexibility, sensation and pain in her arms.

Plaintiff alleges Madera failed to inform plaintiff of the invasive surgery planned by Dr. Anwar and failed to explain the procedures. Madera maintained a contract with the California Department of Corrections to provide medical services to CCWF inmates, and routinely accepted patients from the CCWF in the ordinary course of its business. As a result, Madera assumed a duty of care for CCWF inmates, including Allen, and in the course and scope of performance of this duty, Madera acted on behalf of the state under color of state law. Madera and its staff were aware of Anwar's mistreatment and the debilitating injuries that Anwar inflicted on several CCWF inmates under Madera's care, and Madera's staff, surgeons, and nurses participated in Anwar's surgeries.

Plaintiffs served the Request for Production of Documents on August 16, 2006. Defendant responded with objections on September 18, 2006. Some documents were produced and the motion to compel was filed on December 22, 2006.

**DISPUTED DOCUMENT REQUESTS**

**DOCUMENT REQUESTS TO DEFENDANT MADERA COMMUNITY HOSPITAL**

Herein below, the Court summarizes the document requests and the parties' contentions and rules on the requests. The major objections interposed by Madera are addressed in the Court's accompanying order compelling responses from Dr. Anwar.

1. **Document Request 2:** Documents related to the contract and agreement with the CDC.

    **Madera's response to the Request:** Compound, vague, ambiguous, broad, irrelevant, attorney-client attorney/work, product, privacy. Plaintiff produced the contract and correspondence.

    **Plaintiff contends:** This request seeks contracts, potential contracts, and documents reflecting

2

1  contract negotiations between Madera and the CDC. In response, Madera produced one contract
2  effective July 1, 2000 through June 30, 2005.  No electronic documents or emails were produced is
3  suspect.  Madera should be compelled to conduct a thorough electronic review and to produce all
4  responsive documents in electronic format, along with any metadata, as Plaintiff requested.

   Boiler plate objections should be overruled - overbroad, ambiguous and vagueness.  The Contracts (and any changes thereto) or documents evidencing contract negotiations are directly relevant to Plaintiff's claims because they will show who chose the physicians that rendered care to patients, whether any clause has been deleted or added to the contract, and who conducted the contract negotiation process.

   Madera asserts that some unspecified documents are potentially covered by the attorney-client and/or work-product privileges, but Madera has not produced a privilege log as required by FRCP Rule 26(b)(5).  A privilege log was produced only for Document requests 3 and 5 only.

   **Defendant contends:** The document responsive to this request have already been produced with the responses of September 7, 2006, except the referred to "unspecified documents" that are considered privileged.

   **Order:** The Court GRANTS the motion to compel and requires production of documents described in Rule 34(a), and production of a detailed privilege log as required by Rule 26(b)(5). The parties are DIRECTED to meet and confer as to an appropriate protective order, or amendment of the existing protective order.

2. **Document Request 3:** Documents referring to complaints about or disciplinary proceedings concerning Dr. Anwar.

   **Madera's response to the Request:** Same objections; Evid. Code 1156 and 1157; and seeks privileged material pertaining the Madera's right to self-critical analysis; privacy of third parties, HIPAA.

   **Plaintiff contends:** This request seeks documents and communications referring to complaints or disciplinary proceedings concerning Dr. Anwar made by anyone treated at or employed by Madera. Such information goes to the heart of Plaintiffs' case. The privilege log identifies at least eight surgeries performed by Dr. Anwar that Madera felt compelled to investigate starting in 2002. In fact, Madera is

withholding a document summarizing "events" concerning Dr. Anwar beginning in 1995. The documents are not privileged - state law privileges (Evid. Code 1157) are not applicable.

Any new objections, which are included in the joint statement are untimely Evid. Code 1156, FRE 407, 401.

The objection based on third party privacy rights should be overruled because a California right to privacy cannot stand in federal court. Although federal courts do recognize a general right of privacy, it is not absolute and the nature of the privacy will be weighed against the need for the information and interest in disclosure. *Rubin v. Regents of Univ. of Cal.*, 114 F.R.D. 1, 2 (N.D. Cal. 1986).

In addition, Madera's purported concerns about patients' privacy interests are already addressed. First, the parties to this action have stipulated to a protective order that treats all medical records as confidential. Second, Madera can simply redact the identifying information from the responsive documents.

Madera also objects claiming that HIPAA prohibits the release of patient records without appropriate releases. However, 45 C.F.R. § 164.512 expressly allows hospitals to disclose a patient's health information in the course of any judicial proceeding either in response to (1) a discovery request where the parties have agreed upon a protective order and have presented it to the court or (2) a court order. The parties have entered into a protective order. This protective ordered required that all medical records and any information copied or extracted from them be designated confidential.

The privilege log is inadequate - it groups categories by as many as 11 years.

**Defendant contends:** While federal case law accordingly holds that state privilege law is inapplicable in federal question cases where federal law supplies the rule of decision (*Klein v. Crawford*, U.S. Dist. LEXIS 93780, 2 (2006)), because there is no recognized federal common law regarding privilege as applied to peer review/self critical review or medical investigative committee material, the Federal Courts are to take heed of the public policies underlying state privilege laws, and apply the state privilege law in the federal forum. (*Wei v. Bodner*, 127 F.R.D. 91, 94 (1989).) The particular documentation referenced was created during "medical staff meetings held on a confidential basis so that the flow of ideas and advice can continue unimpeded." Madera argues a balancing test for creating a peer review privilege.

Madera also argues HIPAA, and argues that HIPAA does not displace the right of privacy under the California Constitution. (Doc 112, p.30-31.) Even highly relevant, non-privileged (here Madera contends the information is also privileged) information may be shielded from discovery if its disclosure would impair a person's "inalienable right of privacy." Federal courts recognize a right of privacy that can be raised in response to discovery requests. *Johnson by Johnson v. Thompson* (10th Cir. 1992) 971 F.2d 1487, 1497.

Plaintiffs' Request for Production of Documents Nos. 3, 4, 5 and 17, improperly requests protected medical information from third persons in violation of HIPAA as well as the California Constitution. More specifically, the above-referenced discovery seeks billings for medical services provided to third parties as well as complaints made, with the expectation of privacy, by third parties in addition to peer review investigations of Dr. Anwar's care and treatment of third parties.

**Order:** The Court GRANTS the motion to compel and requires production of documents described in Rule 34(a), and production of a detailed privilege log as required by Rule 26(b)(5). The parties are DIRECTED to meet and confer as to an appropriate protective order, or amendment of the existing protective order.

3.  **Document Request 4:** Documents referring to medical bills submitted by Dr. Anwar.

**Madera's response to the Request:** vague and ambiguous, over broad. as to time. Irrelevant; patient right of privacy, and HIPAA. Madera agreed to produce documents on plaintiff Brenda Allen.

**Plaintiff contends:** Madera refuses to produce or even disclose whether similar documents exist referring to Dr. Anwar's medical bills (such as complaints, letters of inquiry, summaries of his bills, or computer generated reports of his bills). Similarly, Madera is refusing to produce its own billing records for other CDC inmates treated by Dr. Anwar at Madera.

State law privileges do not apply to the federal claim. The HIPAA objection should be overruled because there is an adequate protective order in place.

**Defendant contends**: Madera has already responded to this request. It does not maintain billing records for services that Dr. Anwar may perform at Madera. Dr. Anwar bills the patient or in this case the CCWF, separately, for his own time and professional services. Madera in turn bills for its own services, supplies, equipment, etc. Madera has produced it's own medical billing records and made it

1  clear back in September 2006 that it did not have any of Dr. Anwar's bills regarding Plaintiff.

2  **Order:** Plaintiffs ask for related billing documents, such as letters, complaints, etc, while
3  Madera states that it does not maintain billing records for Dr. Anwar's services. It is unclear that Madera
4  has done an adequate search.

5  As it can not be determined from defendant's response whether Madera has complied with the
6  total request, the Court GRANTS the motion to compel and requires production of documents described
7  in Rule 34(a) and production of a detailed privilege log as required by Rule 26(b)(5), if applicable. The
8  parties are DIRECTED to meet and confer as to an appropriate protective order, or amendment of the
9  existing protective order.

10  4.   **Document Request 5:** Documents relating to any investigation of Dr. Anwar or his billing
11       practices.

12  **Madera's response to the Request:** same objections as Request no. 3. In addition, Madera
13  stated that it does not have any documents of investigation related to his billing practices. Madera
14  provided a privilege log.

15  **Plaintiff contends:** Dr. Anwar did the surgeries because the invasive surgeries were not covered
16  in his contract with CDC and therefore he could charge more money than a typical lancing. Madera
17  enabled him to perform unnecessary procedures. Documents showing that Madera investigated Dr.
18  Anwar's treatment or billing practices speak directly to this point.

19  Madera is not protected by the official information privilege because it is not a government actor.

20  Boiler plate objections - ambiguity, vagueness, over breadth, oppression and burden should be
21  rejected.

22  Madera's objections based on California Evidence Code §§ 1151, 1156, and 1157 should be
23  rejected because state law privileges do not apply in federal court.

24  The court should disregard Madera's improper HIPAA objections because there is an adequate
25  protective order in place that safeguards third party medical information.

26  Madera's privilege log is insufficient because it does not explain any viable privilege and does
27  not list attorneys as receiving or requesting the creation of the withheld documents.

28

1  Madera says it does not have documents, but hospitals may receive inquiries for information for
2  studies regarding medical billing or from health insurers who are reviewing bills for approval of charges.
3  Madera did not disclose whether it had received any inquiries from any outside agencies such as the
4  California Medical Board, the CDCR, or any other investigative agencies regarding Dr. Anwar's medical
5  billing. Moreover, Madera did not address Plaintiff's request for documents relating to complaints
6  regarding Dr. Anwar's billing practices.

7  **Defendant contends**: Madera objects to the production of any such document that might violate
8  accepted state/federal law and/or violate HIPAA. This request seeks the exact same type of information
9  as set forth in request number 3, above. Madera acknowledge that it had no records pertaining to any
10 investigation into Dr. Anwar's billing practices. Madera argues a balancing test for imposing the peer
11 review privilege in this case.

12 Madera argues HIPAA. Plaintiffs' Request for Production of Documents Nos. 3, 4, 5 and 17,
13 improperly requests protected medical information from third persons in violation of HIPAA as well as
14 the California Constitution. Such information will necessarily contain information such as the third
15 party patient's age, medical diagnosis, date of admission, treatments received, date of discharge, all of
16 which clearly falls within the definition of "protected health information." Simple redaction of
17 identifying information will not be sufficient because Madera is a small community and information will
18 get out.

19 **Order:** The Court GRANTS the motion to compel and requires production of documents
20 described in Rule 34(a) and production of a detailed privilege log as required by Rule 26(b)(5). The
21 parties are DIRECTED to meet and confer as to an appropriate protective order, or amendment of the
22 existing protective order.

23 5. **Document Request 17:** Documents reflecting lawsuits against Madera concerning lack of
24  consent or treatment for boils within the past 10 years.

25 **Madera's response to the Request:** Compound, ambiguous, vague, overly broad and
26 unclear; attorney client and work product; Evid. Code 1157; privacy of third parties; irrelevant; After
27 Madera's initial review of the past 10-years of lawsuits, it has determined that the only suits involving
28 the treatment for folliculitis, hidradenitis, or boils pertain to plaintiff Brenda Allen, Genea Scott, Regina

7

1  Boyce and Julie Holmes.

2  **Plaintiff contends:** Documents evidencing prior lawsuits for failure to obtain informed consent
3  and regarding the various medical conditions diagnosed by Dr. Anwar are highly relevant to whether
4  Madera had a history of failing to obtain informed consent and whether any patient had sued Madera in
5  connection with a surgery performed by Dr. Anwar

6  Madera attempts to avoid discovery by characterizing the current litigation as only involving the
7  consent, treatment, and care of Ms. Allen, claiming that prior lawsuits are completely irrelevant and
8  would provide no assistance to Ms. Allen in proving her case. This assertion mischaracterizes Ms.
9  Allen's case. Ms. Allen is not simply claiming that Dr. Anwar performed the wrong procedure on her
10  and that Madera failed to obtain consent for a single surgery. Ms. Allen is claiming that Dr. Anwar
11  implemented a pattern and practice of deliberately performing unnecessary surgeries on her and others
12  for financial gain and that, despite notice of Dr. Anwar's consistently substandard care, Madera
13  continued to allow him to perform surgeries on patients.

14  No privilege log has been provided to protect withheld documents under the assertion of attorney
15  client/work product.

16  In balancing federal privacy issues, the balance tilts strongly in favor of disclosing the requested
17  materials. The fact that other patients filed complaints about Dr. Anwar and the fact that Madera
18  repeatedly investigated Dr. Anwar's medical care helps prove this fact.

19  In its supplemental response, Madera claims that potentially responsive documents exist relating
20  to a separate action (Thomas v. Suryadevara, No. 06-CV-215 AWI SMS). A protective order is in place
21  in the Thomas action. To the extent responsive documents exist in this action, which may also pertain
22  to Ms. Thomas, those documents should be produced in full.

23  Madera must do more than make a cursory "initial" review. It must undertake a diligent and
24  reasonable search to insure that its discovery responses are complete. Madera should be ordered to
25  conduct a thorough review and fully respond to this request.

26  **Defendant contends:** Same objections as in Request no. 5.

27  **Order:** The Court GRANTS the motion to compel and requires production of documents
28  described in Rule 34(a) and production of a detailed privilege log as required by Rule 26(b)(5).The

1  parties are DIRECTED to meet and confer as to an appropriate protective order, or amendment of the
2  existing protective order.
3  IT IS SO ORDERED.
4  **Dated:   January 30, 2007**                         **/s/ Lawrence J. O'Neill**
   b9ed48                                                 UNITED STATES MAGISTRATE JUDGE