1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  THOMAS D. MCCRACKIN
   Supervising Deputy Attorney General
3  JOHN M. FESER, JR., State Bar No. 209736
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone:  (916) 324-5118
6   Fax:  (916) 322-8288
    Email:  John.Feser@doj.ca.gov
7
8  Attorneys for Defendants Jeanne Woodford, Richard
   Rimmer, Rosanne Campbell, Gwendolyn Mitchell,
   Sampath Suryadevara, M.D. and Juan Jose Tur, M.D.
9

10              IN THE UNITED STATES DISTRICT COURT
11            FOR THE EASTERN DISTRICT OF CALIFORNIA
12                      FRESNO DIVISION
13

| | |
|---|---|
| 14  **BRENDA ALLEN,** | 1:05-CV-01104-OWW-LJO |
| 15                    Plaintiff, | **DEFENDANTS' REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING ON PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| 16      v. | |
| 17  **JEANNE WOODFORD, et al.,** | |
| 18                    Defendants. | |
| 19 | **[Local Rule 72-303]** |

20                        **INTRODUCTION**

21         Pursuant to United States District Court, Eastern District of California Local Rules, Rule

22  72-303(f), defendants Jeanne Woodford, Richard Rimmer, Rosanne Campbell, Gwendolyn

23  Mitchell, Sampath Suryadevara, M.D. and Juan Jose Tur, M.D. (collectively "defendants")

24  submit the following request for reconsideration of an order issued on January 30, 2007, by

25  Magistrate Judge Lawrence J. O'Neil entitled Order On Plaintiff's Motion To Compel

26  Documents From The Individual Defendants (hereinafter the "Order").

27         This request is made on the grounds that the Order, as it relates to defendants'

28  supplemental responses to Requests for Production of Documents, Set One (hereinafter "RPD"),

                       REQUEST FOR RECONSIDERATION
                                    1

is "clearly erroneous" and "contrary to law" under Local Rule 72-303(f) because: (1) defendants have provided full responses in compliance with the Federal Rules of Civil Procedure ("FRCP"); (2) plaintiff had no basis to assert a motion to compel under FRCP, Rule 37 once defendants served full responses; (3) plaintiff failed to make the requisite showing that defendants have additional documents; (4) the Order improperly requires defendants to obtain declarations from third parties who are not before the Court and over whom defendants have no authority or control; and (5) defendants were deprived of due process and because plaintiff's notice of motion related only to the original discovery responses, plaintiff failed to meet and confer regarding the supplemental responses, and the Court issued the Order without allowing defendants to file briefs or present oral argument as to the sufficiency of the supplemental responses.

For these reasons, as discussed in detail below, defendants request that the Order be vacated and that plaintiff's motion to compel further responses responses be denied.

## STATEMENT OF FACTS

### I.   PLAINTIFF'S ALLEGATIONS

Plaintiff Brenda Allen is an inmate incarcerated at the Central California Women's Facility.  Her lawsuit arises from surgery performed at co-defendant Madera Community Hospital by co-defendant Muhammad Anwar to remove or otherwise treat infected boils under her armpits and on other parts of her body.  Plaintiff alleges the surgery was overly invasive, improper, not medically necessary or appropriate, and left her in far greater pain, disfigurement, and disability than her untreated medical condition.  Plaintiff has sued each of the defendants in their individual capacities only.  With regard to the non-medical defendants, Jeanne Woodford, Richard Rimmer, Rosanne Campbell and Gwendolyn Mitchell, the case is not at issue.  Only the medical defendants, Sampath Suryadevara, M.D. and Juan Jose Tur, M.D., have filed answers.

### II.   MOTION TO COMPEL PRODUCTION OF FURTHER DOCUMENTS

Plaintiff served requests for production of documents, set one, to each of the defendants on August 16, 2006. Defendants' original responses and objections were served on October 13, 2006. On December 22, 2006, plaintiff filed a Notice of Motion to Compel Further Production of Documents.  The parties met and conferred regarding defendants' original responses.  On January

8, 2007, defendants served supplemental responses clarifying that they did not have "possession, custody or control" over any responsive documents.

On January 9, 2007, defendants filed a request to stay and continue the hearing on plaintiff's motion to compel to enable defendants to assert substantive argument regarding the supplemental responses.  The Court denied the request in a minute order issued on January 12, 2007.  On January 30, 2007, the Court issued its Order without oral argument.

**III.   LATE INCORPORATION OF SUPPLEMENTAL RESPONSES INTO JOINT STATEMENT**

On December 22, 2006, defendants received an email from plaintiff that included an attached template for the Joint Discovery Dispute Statement and proposed that the parties mutually exchange their respective portions of the Joint Statement at a designated date and time. Declaration of John M. Feser Jr. In Support Of Request For Reconsideration (Feser Decl.), ¶2. The parties agreed to the template and the mutual exchange.  *Ibid*.  In accordance with Local Rule 37-251(c)(3), the template included all requests for production of documents in dispute, along with corresponding responses to the discovery requests.  *Ibid*.

On January 8, 2007, the day the parties agreed to conduct the mutual exchange, defendants notified plaintiff that supplemental responses to requests for production of documents were being served.  Feser Decl., ¶3.  Defendants' supplemental responses were served by mail on January 8, 2007, the day before the Joint Statement was filed with the Court.  *Ibid*.

On January 8, 2007, defendants proceeded to engage in a meet and confer with plaintiffs regarding defendants' motion for protective order that would properly raise to the Court the facts and issues relevant to the supplemental discovery responses.  Feser Decl., ¶4.  Defendants also requested that plaintiff  withdraw their motion or stipulate to continue the motion hearing so that, among other reasons, all issues relevant to the discovery dispute could be heard at one time.  *Ibid*.  In the course of discussing these issues, defendants faxed a courtesy copy of their supplemental discovery responses to plaintiff.  *Ibid*.  In so doing, defendants made clear that the supplemental responses could not be part of the Joint Statement because plaintiff's notice of motion to compel stated no grounds to compel based on the new discovery responses.  *Ibid*.  This

1  was reflected in plaintiff's Joint Statement template, which did not include the supplemental

2  responses. *Ibid.*

3         In light of the supplemental responses and the meet and confer regarding continuance of

4  the motion to compel hearing and defendants' motion for protective order, the parties agreed to

5  conduct the mutual exchange at noon on January 9, 2007.  Feser Decl., ¶5.  Shortly after the

6  exchange, defendants discovered for the first time that plaintiff had changed the template and

7  inserted defendants' supplemental responses into the Joint Statement.  *Ibid*.  At no prior time did

8  plaintiff indicate to defendants that they sought to modify the template.  *Ibid*.  Plaintiff did not

9  meet and confer regarding defendants' supplemental responses as they related to plaintiff's

10  motion to compel.  *Ibid*.  With no time to add an argument addressing the supplemental

11  responses in the Joint Statement, defendants prepared a short paragraph objecting to the last-

12  minute modification, which appears as a footnote in the Joint Statement at page 11, footnote 6.

13  *Ibid*.  Under the circumstances, defendants had no opportunity to include substantive argument

14  regarding defendants' supplemental responses.  *Ibid*.

15         The Joint Statement was timely filed on January 9, 2007.  Feser Decl., ¶6.  Defendants'

16  motion for protective order and request for a stay and continuance of the motion to compel

17  hearing were filed on January 9, 2007.  *Ibid*.  The Court denied defendants' request for stay and

18  continuance in a minute order issued on January 12, 2007.  *Ibid*.   The Court issued its Order on

19  January 30, 2007.  In light of the Court's Order, defendants withdrew their motion for protective

20  order on February 8, 2007. *Ibid*.

21                        **REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE**

22         This request for reconsideration concerns only the supplemental responses to each RPD

23  in plaintiff's motion to compel.  Plaintiff's notice as to the supplemental responses was

24  defective, plaintiff failed to engage in a meet and confer, and defendants were deprived of an

25  opportunity to brief the matter or submit argument at a hearing on the motion.

26                              **OBJECTIONS AND RESPONSES TO RPD**

27         In the Joint Statement, defendants were deprived of the right and opportunity to assert a

28  substantive argument regarding the supplemental responses.  *See* Joint Statement, 22:15-17.

1    Defendants did, however, object that the notice of motion to compel was procedurally defective

2    in light of the supplemental responses, that the motion to compel was moot and that plaintiff

3    failed to meet and confer regarding the supplemental responses. *See id*., at 21:22-22:13.

4    <u>**ORDER BY MAGISTRATE JUDGE O'NEIL**</u>

5        The Court ruled as follows regarding defendants' assertion that the motion to compel was

6    moot and that plaintiff failed to meet and confer regarding the supplemental responses:

7        *Moot and Good Faith Meet and Confer*. The motion is not moot. The notice of motion
     stated that a Joint Statement "addressing the CDCR Defendants' responses would be filed

8    before hearing." This is adequate notice of what responses would be at issue in the
     motion. The supplemental responses were served before the filing of the Joint Statement,

9    and the Joint statement included the supplemental responses.

10       The argument that there was inadequate meet and confer on the supplemental responses
     is without merit. The supplemental responses all contain a statement that "Responding

11   parties, sued in their individual capacities, have no legal right to the documents requested
     and thus have no documents in their possession, custody, or control responsive to this

12   request other than those documents already produced." This objection was discussed by
     counsel. Accordingly, further meet and confer would be fruitless. Order, 10:2-12.

13       The Court issued the following Order to each request for production of document at issue

14   regarding defendants' verified supplemental responses to RPD which stated that defendants did

15   not have possession, custody or control of further documents:

16       *Possession, Custody or Control*.  The Court DIRECTS the CDCR defendants to file a

17   declaration by the supervisor/s of the named individual defendants explaining the issue of
     access to documents:  who has access, who does not, the statute relied upon, the written

18   policy relied upon, under what circumstances is access granted, the process of getting
     access and why that process does not allow access by these defendants.  The declaration

19   shall be filed within 10 days of the service of this order.  The court finds that the
     declaration/s is/are a prerequisite to a further consideration/grant of the document

20   request.
     Order, 10:13-18.

21   <u>**STANDARD OF REVIEW**</u>

22       The standard of  review in a motion for reconsideration of a Magistrate Judge's order is

23   the "clearly erroneous or contrary to law" standard.  Local Rule 72-303(f).

24   <u>**ARGUMENT**</u>

25   **I.    PLAINTIFF'S MOTION TO COMPEL IS PROCEDURALLY DEFECTIVE**

26       **A.    Defendants Provided Complete Verified Responses**

27       "[A] party may not be compelled to produce papers or things which are not in his

28   possession, custody, or control, or the possession, control, or existence of which the party denies

1  under oath." *Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir.1970).  Under ordinary

2  circumstances, a party's good faith averment that the items sought are not in its possession,

3  custody, or control will be sufficient to enable the responding party to resist a motion to compel.

4  *La Chemise Lacoste v Alligator Co*, 60 F.R.D. 164 (D Del 1973).

5        In their supplemental responses to each RPD at issue in plaintiff's motion to compel, the

6  defendants <u>responded</u> that they did not have possession custody or control of the requested

7  documents.  The Court incorrectly characterized the supplemental <u>responses</u> as <u>objections</u>.  *See*

8  Order, 2:16-19, 10:7-12.   Defendants' supplemental responses were made under penalty of

9  perjury pursuant to F.R.C.P., Rule 26(g).[1/]  The defendants, therefore, have provided full and

10  complete responses to all of plaintiff's discovery requests.

11        **B.    Plaintiff Had No Grounds To Assert A Motion To Compel Under FRCP Rule
            37 After Supplemental Responses Were Served**

12

13        Plaintiff asserted her motion to compel further responses to RPD pursuant to Federal

     Rules of Civil Procedure ("FRCP"), Rule 37.  Rule 37(a)(2)(B), which states the circumstances
14

     under which a motion to compel discovery disclosure may be made, provides in relevant part:
15

16        A party, upon reasonable notice to other parties and all persons affected thereby, may apply
          for an order compelling disclosure or discovery as follows: . . . if a party, in response to a
17        request for inspection submitted under Rule 34, <u>fails to respond that inspection will be
          permitted as requested or fails to permit inspection as requested,</u> the discovering party may
          move for an order compelling an answer, or a designation, or an order compelling inspection
18        in accordance with the request.  (Emphasis added)

19  Rule 37(a)(3)(B) states:  "For purposes of this subdivision an evasive or incomplete disclosure,

20  answer, or response is to be treated as a failure to disclose, answer, or respond."

21

22        1. F.R.C.P., Rule 26(g) provides in pertinent part:
          (2)  Every discovery . . . response, or objection made by a party represented by an attorney shall
23        be signed by at least one attorney of record in the attorney's individual name, whose address shall
          be stated . . . .  The signature of the attorney or party constitutes a certification to the best of
24        the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request,
          response, or objection is:
25        (A)      consistent with these rules and warranted by existing law or a good faith argument for the
                   extension, modification, or reversal of existing law;
26        (B)      not interposed for any improper purpose, such as to harass or to cause unnecessary delay
                   or needless increase in the cost of litigation; and
27        (C)      not unreasonable or unduly burdensome or expensive, given the needs of the case, the
                   discovery already had in the case, the amount in controversy, and the importance of the
28                 issues at stake in the litigation.

**REQUEST FOR RECONSIDERATION**

In this case, defendants fully and completely <u>responded</u> to plaintiff's RPD by stating that they did not have "possession, custody or control" over any responsive documents.  The Magistrate Judge's Order is "clearly erroneous" and "contrary to law" because neither of the mandatory  prerequisites set forth in Rule 37(a)(2)(B) for an Order compelling further discovery were satisfied.  Defendants neither (1) failed to respond that inspection will be permitted; nor (2) failed to permit inspection as requested.  *See* F.R.C.P. 37(a)(2)(B).  Defendants have nothing to produce and plaintiff has nothing to inspect.

    **C.**    **Plaintiff Failed To Make Requisite Showing That Defendants Have Additional Documents**

A party requesting production of documents is charged with establishing that the party from whom documents are sought has possession, custody or control.  *Norman v. Young*, *supra*, 422 F.2d at 472 .  Plaintiff argued that additional documents must exist because defendants previously produced two contracts between (1) the State and Madera Multi Specialty Group; and (2) the State and Madera Community Hospital.  This prior disclosure fails to establish that defendants have possession, custody or control over any other documents, or that defendants' verified responses are false.  The contracts produced were public record, equally available to plaintiff, and were obtained and produced by defendants as a courtesy.  This disclosure establishes nothing more than the fact that defendants are as capable of procuring public records as plaintiff.  The remainder of the documents sought are not public records and defendants do not have access to them.

**II.**    **THE COURT LACKS AUTHORITY TO COMPEL DEFENDANTS TO PROVIDE A DECLARATION FROM THEIR SUPERVISORS WHO ARE NOT PARTIES TO THIS ACTION AND ARE NOT BEFORE THE COURT**

The Order directing defendants to obtain a declaration from their supervisors is "clearly erroneous" and "contrary to law."  The Order improperly requires defendants to provide discovery from third parties who are not before the Court and over whom defendants have no authority or control.

The State is not a party to this action.  "A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45."  FRCP, Rule 34(c).  "Rule 34 may not be used to discover matters from a nonparty."  *Hatch*

1 | *v. Reliance Ins. Co.* 758 F.2d 409, 416 (1985).  Plaintiff brought a Rule 37 motion seeking to
2 | compel further production of documents from party defendants.  Defendants responded that they
3 | do not have responsive documents.  The Court's Order is improper because it requires
4 | defendants to obtain declarations from non-parties who are not before the court.  Plaintiff has not
5 | served the State with a subpoena, nor has she brought a Rule 45 motion, which is <u>required</u> to
6 | compel production of documents from a non-party under FRCP 34(c).

7 | **III.    DEFENDANTS WERE DEPRIVED OF NOTICE AND HEARING**

8 | Defendants were unduly prejudiced because they were deprived of fair notice and a
9 | hearing concerning their supplemental responses.

10 | Plaintiff's notice of motion to compel was defective because it failed to "state with
11 | particularity the grounds" for the motion, as required under FRCP, Rule 7(b)(1), that the motion
12 | applied to subsequently served supplemental responses.

13 | Plaintiff failed to meet and confer regarding defendants' supplemental responses and
14 | their incorporation into the Joint Statement.  *See supra*, Statement of Facts, Part III.  A proper
15 | meet and confer would have enabled defendants to assert the grounds supporting this Request.
16 | *See supra*, Argument, Part I.

17 | Plaintiff's eleventh-hour incorporation of the supplemental responses deprived
18 | defendants of the opportunity to brief the Court regarding issues relevant to their supplemental
19 | responses.  *See supra*, Statement of Facts, Part III.  In the Joint Statement, defendants addressed
20 | only the issues relevant to the <u>original</u> responses, not the supplemental responses.  *See* Joint
21 | Statement, 22:15-17 (indicating that defendants addressed substantive issues concerning <u>original</u>
22 | responses to RPD).

23 | On January 9, 2007, defendants filed a request for stay and continuance of the hearing on
24 | the motion to compel that would have enabled defendants to brief the court regarding the
25 | supplemental responses.  The Court denied the request on January 12, 2007.  On January 17,
26 | 2007, the Court issued a minute order vacating the hearing on plaintiff's motion to compel.

27 | Defendants' inability to argue issues relevant to their supplemental responses in the Joint
28 | Statement, the vacated hearing on the motion, and the Court's denial of defendants' request for a

1  stay and continuance of the hearing completely deprived defendants of notice and opportunity to

2  be heard.

3                                    **CONCLUSION**

4          Based on the foregoing, defendants request that the Order be vacated and that plaintiff's

5  motion to compel relating to defendants' supplemental responses be denied.

6          Dated:  February 9, 2007

7                                    Respectfully submitted,

8                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California

9                                    THOMAS D. McCRACKIN
                                     Supervising Deputy Attorney General

10

11

12                                   /s/  John M. Feser, Jr.

13                                   JOHN M. FESER, JR.
                                     Deputy Attorney General

14                                   Attorneys for Defendants

15

16      10313913.2.wpd
        SA2005104497

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR RECONSIDERATION**
9