UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA ALLEN,<br><br>        Plaintiff,<br><br>  v.<br><br>JEANNE WOODFORD, et al.,<br><br>        Defendants. | 1:05-cv-1104 OWW NEW<br><br>ORDER RE: DR. ANWAR'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE O'NEILL'S RULING ON PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS |

## I. BACKGROUND STATEMENT

This matter is before the Court on Defendant, Dr. Anwar's, Motion for Reconsideration of the Magistrate Judge's Order Granting Plaintiff's Motion to Compel Further Responses to Plaintiff's Request for Production of Documents. The underlying case arises out of the treatment of Brenda Allen, a prisoner at the Central California Women's Facility and Valley State Prison for Women at Chowchilla, for violation of her civil rights based on the knowing performance by Defendant, Dr. Anwar, a contract physician to the prison, based at Madera Community Hospital, for knowingly performing invasive and unnecessary surgical procedures on Plaintiff and other prisoners for profit. Plaintiff's complaint alleges that despite a number of complaints concerning

Dr. Anwar's medical care and procedures, the California Department of Corrections and Rehabilitation ("CDCR") continued to send inmate patients to Madera Community Hospital for surgeries, which were performed by Dr. Anwar. Plaintiff alleges that Dr. Anwar performed unnecessary surgery which left her with limited mobility, flexibility, and extreme pain in her arms.

## II.   PROCEDURAL HISTORY

On August 16, 2006, Plaintiff, Allen, served requests for production of documents on Dr. Anwar. Defendant Anwar objected to most of the requests. Plaintiff filed a motion to compel further responses on January 16, 2007. On January 30, 2007, Magistrate Judge Lawrence J. O'Neill issued an order granting in whole or part, the Allen motion to compel as to 19 of the disputed requests. Defendant Anwar continues to refuse to produce documents called for by two of the requests, Numbers 3 and 20. Request Number 3 sought all documents supporting Dr. Anwar's contention that he lost approximately $100,000 per month, as he alleged in a related State Court complaint in which Dr. Anwar sued the CDCR alleging he lost his contract with CDCR to provide medical services to inmates. Dr. Anwar asserted that information sought here was not relevant and that his privacy interests outweighed Ms. Allen's need for discovery. Request Number 20 sought documents and communications relating to any patient with boils, folliculitis, or hydradenitis for whom Dr. Anwar ever rendered medical care. After evaluating Dr. Anwar's objections based on privacy and burden, Judge O'Neill limited Request Number 20 to the period from January 1994 to July 2004,

and to incarcerated individuals only.

### III. STANDARD OF REVIEW

A District Judge reviews the non-dispositive orders issued by a Magistrate Judge for clear error or that the order is contrary to law. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). A reviewing court may not substitute its judgment for that of the deciding court. *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004)

### IV. ANALYSIS

**A.   Request Number 3**

Plaintiff alleges that Dr. Anwar performed improper and unnecessary surgery on Plaintiff and other inmates for financial gain. Dr. Anwar, in a suit against CDCR, related to performance of surgeries at Madera Community Hospital for the Women's Prison, has alleged lost income of $100,000 per month. This allegation puts in issue whether Dr. Anwar's prison-related surgical practice was profitable. It is relevant. Defendant Anwar cites no case to the contrary. Dr. Anwar's citation of *Ranney-Brown Distributors, Inc. v. E.T. Barwick Industries, Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977) is not helpful. It stands for the unremarkable position that discovery of facts concerning a Defendant's financial status or ability to satisfy a judgment are not relevant.

Dr. Anwar's alleged privacy interest does not outweigh the Plaintiff's need for discovery. Plaintiff seeks punitive damages against Dr. Anwar. This directly puts his financial condition

and net worth in issue.  The Magistrate Judge correctly ruled that state privileges have limited applicability in federal civil rights litigation.  *Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997).  The Magistrate Judge correctly found that the amount of Dr. Anwar's profits from his prison-related surgical practice and financial condition placed in issue by this suit, outweighed the need for protection of privacy.

Moreover, the Magistrate Judge correctly noted that a protective order would fully assure Dr. Anwar's privacy and that the financial information can be used only for purposes of this litigation and not disseminated to third parties.  Plaintiffs are willing to stipulate to a protective order to safeguard Dr. Anwar's privacy.

For these reasons, the Magistrate Judge's Order concerning Request Number 3 was neither clearly erroneous or contrary to law.

B.   <u>Request Number 20</u>

The Magistrate Judge limited Request Number 20, by time and scope, to a prior ten year period and prison-based patients, which reasonable narrows the universe of information.

The argument that Dr. Anwar could not identify prison patients is contradicted by his own computer billing records, which show the CDCR as the payor on billing statements.

Dr. Anwar's alleged privacy rights can be, as correctly noted by Magistrate Judge O'Neill, fully protected by a protective order.  Where pattern and practice evidence is relevant both to the alleged intentional and wrongful nature of

4

Dr. Anwar's conduct and also to whether the CDCR had notice of Dr. Anwar's alleged wrongful conduct and continued to utilize his services and/or ratified the conduct, there is no clear error or finding contrary to law by the Magistrate Judge.

## V.   CONCLUSION

For all the reasons stated above, Defendant Anwar's motion for reconsideration is DENIED.

The documents called for in Requests 3 and 20 shall be produced within twenty (20) days following the date of service of this Order.

SO ORDERED.

DATED:   March 13, 2007.

/s/ Oliver W. Wanger
_____
        Oliver W. Wanger
UNITED STATES DISTRICT JUDGE

allen v. woodford order re reconsideration