Suzanne D. Morris    #203885
Sherrie M. Flynn    #240215

1    **BAKER, MANOCK & JENSEN**
A PROFESSIONAL CORPORATION
2    FIG GARDEN FINANCIAL CENTER
5260 NORTH PALM AVENUE, FOURTH FLOOR
FRESNO, CALIFORNIA 93704-2209
3    Telephone (559) 432-5400
Telecopier (559) 432-5620

4

5    Attorneys for    Defendant MUHAMMAD ANWAR, M.D.

6

7

8                    UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA FRESNO DIVISION

10

11    BRENDA ALLEN,                ) Case No. 1:05-CV-01104-OWW-LJO
                                    )
12                    Plaintiff,    )
                                    )
13        v.                        ) STIPULATED PROTECTIVE ORDER
                                    ) FOR FINANCIAL RECORDS AND
14    JEANNE WOODFORD, et al,       ) THIRD PARTY MEDICAL RECORDS
                                    )
15                    Defendants.   )
                                    )
16                                  )
                                    )
17                                  )
                                    )
18                                  )
                                    )
19                                  )
                                    )
20    _____)

21            IT IS HEREBY STIPULATED by and between the parties, through their respective

22    counsel of record, that the following procedures shall govern the use and/or disclosure of financial

23    records, produced by Muhammad Anwar, M.D. ("Dr. Anwar") pursuant to Plaintiff's Request No.

24    3, and third party medical records, produced by Dr. Anwar pursuant to Plaintiff's Request No. 20,

25    as ordered by the Court in its Order on Plaintiff's Motion to Compel Documents from Muhammad

26    Anwar, M.D. (Document 134, filed January 30, 2007):

27            1.        Any and all financial records and/or third party medical records obtained or

28    disclosed in connection with the above-referenced document production shall be designated

"Confidential Records" and subject to this Stipulated Protective Order for Financial Records and Third Party Medical Records.  Except as otherwise stated herein, the protections conferred by this Order cover any information copied or extracted from Confidential Records, as well as all copies excerpts, summaries, or compilations thereof, including testimony, conversations, or presentations by parties or counsel in any setting, including depositions, that might reveal information contained in any Confidential Records.

2.    Without waiving any objections regarding the admissibility of Confidential Records at trial or otherwise in this litigation, Confidential Records shall be treated as confidential and shall not be used for any purpose other than the prosecution or defense of this litigation, including discovery, law and motion, and pre-trial matters, trial, and any appeal taken herein. Confidential Records shall not be used for any other purposes unless agreed to in writing by all parties to this Protective Order, except as required by lawful subpoena or court order, or as authorized by further order of this Court.

3.    If any party, other than Dr. Anwar, receives a subpoena or order issued in conjunction with other litigation or proceedings that would compel disclosure to a person not subject to the terms of this Protective Order of any information or items designated in this Order as Confidential Records, the subpoenaed party must notify all other parties in writing immediately. Such notice may be made by written notice to each party's attorney of record herein.  It is the obligation of the party receiving such notice to take action to protect his or her confidentiality interests.

4.    Confidential Records may be disclosed for purposes of this litigation to the attorneys and such experts and consultants whose receipt of the information is necessary to the prosecution or defense of the action, and their employees and agents, deponents during deposition, court reporters and staff, the Court and Court staff, and such other persons as may be designated by written stipulation or further order of the Court.  It is specifically agreed that Confidential Records will not be disclosed to any Plaintiff in this or the related action of *Scott v. Hickman*, *et al.*, case no. 1:05-CV-01282-OWW-NEW.

///

2

5.      Before the attorneys disclose Confidential Records to any person(s) identified in Paragraph 4 above, other than the Court or Court staff, they must inform the person receiving such Confidential Records of their confidential nature, and his or her duty to abide by the terms of the Stipulated Protective Order and to maintain the confidentiality of the Confidential Records.

6.      Any copies of Confidential Records to be attached as an exhibit to a motion or other pleading, or otherwise to be filed with the Court in this litigation, shall be filed under seal according to the provisions of Local Rule 39-141(c).

7.      With the exception of information already in the public domain, any reference to, description and/or summary of the information contained in any Confidential Records made in pleadings or other documents filed with the Court, except for use at trial, shall be made in general terms and shall not specifically identify or specifically discuss in any way Dr. Anwar's earnings for any duration of time or any specific time period or from any particular patient(s), or any individual patient's past or present medical conditions, treatment, history, or diagnosis.

8.      Any Confidential Records may be used by any party at the trial of this action, or in connection with any motion, pleading or hearing in this action, subject to the rules of evidence and the requirements of this Order, or such other Order as the Court may enter.  No document introduced into evidence at the trial of this matter shall bear the designation "Confidential" unless so stipulated by the parties or ordered by the Court.  Within ninety (90) days after the final disposition of this action, all copies of Confidential Records shall be destroyed by the party in possession; provided, however, that health care provider parties shall continuously retain possession of his/her/its original documents, and that counsel shall be entitled to retain and preserve a litigation file in this matter, including Confidential Records.  Any Confidential Records so retained remain subject to the terms of this Protective Order.

///
///
///
///

3

1   Dated: April 11, 2007

2                                           BINGHAM MCCUTCHEN LLP

3
                                            By:   /s/ Daniel A. Feldstein
4                                           Jason A. Yurasek
                                            Daniel A. Feldstein
5                                           Elizabeth P. Miller
                                            Attorneys for Plaintiffs
6                                           Genea Scott, Regina Boyce and Julie Holmes

7   Dated: April 11, 2007

8                                           BILL LOCKYER
                                            Attorney General of the State of California

9
                                            By:   /s/ John M. Feser, Jr.
10                                          Thomas McCrackin
                                            John M. Feser, Jr.
11                                          Attorneys for Defendants
                                            Roderick Hickman; Frenchie Sellf; Jeanne Woodford;
12                                          Richard Rimmer; Rosanne Campbell; Peter Szekrenyi;
                                            Debra Jacquez; Gwendolyn Mitchell; Sampath
13                                          Suryadevara, M.D.; Juan Jose Tur, M.D.; Shelly Krus,
                                            M.D.
14
    Dated: April 11, 2007
15                                          BAKER, MANOCK & JENSEN

16
                                            By:   /s/ Sherrie M. Flynn
17                                          Suzanne D. McGuire
                                            Sherrie M. Flynn
18                                          Attorneys for Defendant
                                            Muhammad Anwar, M.D.
19
    Dated: April 10, 2007
20                                          McCORMICK, BARSTOW, SHEPPARD, WAYTE &
                                            CARRUTH
21

22
                                            By:   /s/ Daniel L. Wainwright
23                                          Mario L. Beltramo, Jr.
                                            Daniel L. Wainwright
24                                          Attorneys for Defendants
                                            Susan Hogelund, R.N.;
25                                          Madera Community Hospital

26   ///

27   ///

28   ///

                                            4

1    Dated: April 12, 2007

2                                              By:   /s/ William A. Krabbenhoft
                                               Thomas McCrackin
                                               William A. Krabbenhoft
3                                              Attorneys for Defendants
                                               Roderick Hickman; Frenchie Sellf; Jeanne Woodford;
4                                              Richard Rimmer; Rosanne Campbell; Peter Szekrenyi;
                                               Debra Jacquez; Gwendolyn Mitchell; Sampath
5                                              Suryadevara, M.D.; Juan Jose Tur, M.D.; Shelly Krus,
                                               M.D. In The Related Case of Scott v. Hickman, et al,
6                                              Case No. 1:05-CV-01282-OWW-NEW

7

8

9

10              IT IS SO ORDERED.

11   **Dated:    April 13, 2007**                    /s/ Oliver W. Wanger
                                               UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    5