**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRENDA ALLEN, | ) | 1:05-CV-01104 OWW GSA |
| | ) | |
| Plaintiff, | ) | ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| v. | ) | |
| JEANNE WOODFORD, et al., | ) | (Document 200) |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

On December 13, 2007, Plaintiff Brenda Allen filed the instant motion to compel the production of documents, which were requested pursuant to Federal Rule of Civil Procedure 45, through subpoenas issued on May 24, 2007, and June 7, 2007. The subpoenas were directed to the following non-parties: (1) the Custodian of Records of the California Department of Corrections and Rehabilitation ("CDCR") Office of Legal Affairs; (2) the Custodian of Records at the CDCR Office of Contract Services; (3) Tracy Crosson, Contract Analyst, Central California Women's Facility ("CCWF"); (4) Corey Pierini, Correction Health Service Administrator, Valley State Prison for Women ("VSPW"); (5) Tom Watkins, HCCP Analyst, CCWF; (6) Kathy Kane, Appeals Analyst, CCWF; (7) Beatrice Ratemo, Utilization Management Nurse at CCWF; (8) Steven Brewer, Correctional Health Service Administrator, CCWF; and (9) Gina Gill, Contracts

1

Department, CCWF (collectively referred to as "Non-Parties").[1] Plaintiff filed a motion, a supporting memorandum and a declaration and the Non-Parties filed an opposition. In response to an order of the court, the parties also filed a joint statement regarding the discovery disagreement between Plaintiff and Non-Parties. The hearing on the motion was vacated and the matter taken under submission.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff initially filed suit on August 25, 2005, alleging a violation of 42 U.S.C. § 1983, professional negligence, gross negligence, civil battery, negligent and intentional misrepresentation, and negligent and intentional infliction of emotional distress. Plaintiff filed a first amended complaint on November 9, 2005, and a second amended complaint on July 17, 2006. Thereafter, on February 5, 2007, Plaintiff filed a third amended complaint for violation of section 1983, professional negligence, civil battery, intentional misrepresentation and intentional infliction of emotional distress against defendants Jeanne Woodford, Richard Rimmer, Rosanne Campbell, Gwendolyn Mitchell, Sampath Suryadevara, M.D., and Juan Jose Tur, M.D., in their individual capacities ("CDCR/CCWF Defendants"). The positions held by the CDCR/CCWF Defendants, in their official capacities, are as follows: Jeanne Woodford is the Director of the California Department of Corrections; Richard Rimmer is the Acting Director of the California Department of Corrections; Rosanne Campbell is the Deputy Director of Health Care Services of the California Department of Corrections; Gwendolyn Mitchell is the Warden of the Central California Women's Facility; Sampath Suryadevara, M.D., is the Chief Medical Officer of CCWF; Juan Jose Tur, M.D., is a physician employed by CCWF and/or the California Department of Corrections and/or the State of California.

---

[1] Plaintiff's Notice of Motion and Motion to Compel Production of Documents refers to eight subpoenas served on certain non-parties. (Document 200.) However, Plaintiff's Memorandum of Points and Authorities in Support and Proposed Order refer to ten subpoenas issued to non-parties. (Documents 201 and 203.) There are nine non-parties objecting to Plaintiff's motion to compel. The non-parties are identified as: (1) Custodian of Records at the CDCR Office of Legal Affairs; (2) Custodian of Records at the CDCR Offices of Contract Affairs, (3) Tracy Crosson; (4) Corey Pierini; (5) Tom Watkins; (6) Kathy Kane; (7) Beatrice Ratemo; (8) Gina Gill; and (9) Stephen Brewer. (Non-Parties' Opposition to Plaintiff's Motion to Compel Production of Documents, at pp. 1-2; Document 204.) Accordingly, this Court construes the Motion to Compel Production of Documents to include the subpoenas issued to the nine aforementioned non-parties.

1    In her third amended complaint, Plaintiff Brenda Allen, an inmate at CCWF, claims that
2 the CDCR/CCWF Defendants violated her civil rights by permitting Co-Defendants, Muhammad
3 Anwar, M.D., and Madera Community Hospital, to perform improper, medically unnecessary and
4 invasive surgery without her authorization. Plaintiff alleges that the improper surgical treatment
5 left her with greater pain, disfigurement and disability than her untreated medical condition.

6    On August 16, 2006, Plaintiff served Requests for Production of Documents on the
7 CDCR/CCWF Defendants. The requests sought documents regarding, among other items,
8 contracts at Madera Community Hospital, complaints about Dr. Anwar's medical treatment, Dr.
9 Anwar's medical billings, Dr. Anwar's self-referrals, complaints against Dr. Anwar regarding
10 Plaintiff and other inmates, any State investigation of Dr. Anwar, investigations of Dr. Anwar's
11 billing practices and documents concerning discontinuing Dr. Anwar's services. CDCR/CCWF
12 Defendants responded and objected to the requests on October 13, 2006. The CDCR/CCWF
13 Defendants raised several objections, including sovereign immunity, lack of possession, custody
14 and control, the official information privilege and the deliberative process privilege.

15    Subsequently, on December 22, 2006, Plaintiff filed a Motion to Compel Further
16 Production of Documents by the CDCR/CCWF Defendants. On January 30, 2007, then-
17 Magistrate Judge Lawrence J. O'Neill issued an order compelling further production of
18 documents by the CDCR/CCWF Defendants. With regard to the CDCR/CCWF Defendants'
19 objection based on lack of possession, custody and control, Judge O'Neill declined to adopt the
20 CDCR/CCWF Defendants' position that the Eleventh Amendment precludes the production of
21 State documents. Judge O'Neill expressly directed the CDCR/CCWF Defendants to file a
22 declaration by the supervisor(s) of the named individual CDCR/CCWF Defendants explaining the
23 issue of access to documents, including who has access and who does not. (Order on Plaintiff's
24 Motion to Compel Documents from the Individual Defendants, Document 135.)

25    On February 9, 2007, the CDCR/CCWF Defendants filed a request for reconsideration of
26 the Magistrate Judge's ruling on Plaintiff's Motion to Compel Further Responses to Requests for
27 Production of Documents. (Document 142.) On March 20, 2007, District Judge Oliver W.
28 Wanger denied the CDCR/CCWF Defendants' motion for reconsideration with one exception.

1  Judge Wanger modified the Magistrate Judge's order to require CDCR/CCWF Defendants Jeanne
2  Woodford, Richard Rimmer, Rosanne Campbell and Gwendolyn Mitchell to provide statements
3  under oath regarding their knowledge as to the existence of any documents responsive to
4  Plaintiff's requests, the location of such documents and the custodian of such documents.  On
5  reconsideration, Judge Wanger determined that because the CDCR/CCWF Defendants were sued
6  as individuals, "there is no Eleventh Amendment issue."  (Order Re: Defendants Jeanne
7  Woodford, Richard Rimmer, Rosanne Campbell, Gwendolyn Mitchell, Samptah Suryadevara,
8  M.D. and Juan Jose Tur, M.D.'s Request for Reconsideration of Magistrate judge's Order on
9  Plaintiff's Motion to Compel Further Responses to Production of Documents, at p. 9; Document
10 161.)
11         On April 6, 2007, the CDCR/CCWF Defendants filed declarations regarding the location
12 or names of the custodians of documents responsive to Plaintiff's request.  CDCR/CCWF
13 Defendants Jeanne Woodford, Gwendolyn Mitchell and Juan Jose Tur denied knowledge of
14 responsive documents or denied knowledge of the name or location of the custodian of documents
15 responsive to Plaintiff's requests for production of documents.  CDCR/CCWF Defendants
16 Rosanne Campbell and Richard Rimmer identified the CDCR Office of Contract Services as
17 having responsive documents.  CDCR/CCWF Defendant Sampath Suryadevara identified the
18 CDCR Office of Contract Services, Kathy Kane--Appeals Analyst at CCWF, Tom Watkins--
19 HCCP Analyst CCWF, Beatrice Ratemo–Utilization Management Nurse at CCWF, the CDCR
20 Office of Legal Affairs, Corey Pierini–Correctional Health Service Administrator at Valley State
21 Prison for Women, Steven Brewer--Correctional Health Service Administrator at CCWF and
22 Tracy Crosson–Contract Analyst at CCWF--as having responsive documents.
23         After the CDCR/CCWF Defendants filed their declarations, in May and June 2007,
24 Plaintiff served subpoenas on the following non-parties:  Custodians of Records at the CDCR
25 Offices of Legal Affairs and Contract Services, Tracy Crosson, Corey Pierini, Tom Watkins,
26 Kathy Kane, Beatrice Ratemo, Carolyn Galvin, Steven Brewer and Gina Gill.  Declaration of
27 Elizabeth Kennedy in Support of Plaintiff Brenda Allen's Motion to Compel Production of
28 Documents ("Kennedy Declaration."), at ¶ 2 and Exhibit A to Kennedy Declaration.  By the

4

subpoenas, Plaintiff seeks documents to determine whether additional inmates allegedly were subjected to invasive and unnecessary procedures by Defendant Anwar, whether these inmates allegedly complained to prison officials and the degree to which the CDC Defendants allegedly ignored these complaints.  Plaintiff claims that despite her efforts, the Non-Parties have refused to produce responsive documents.  The Non-Parties contend that Eleventh Amendment immunity and state sovereign immunity bar enforcement of the subpoenas issued to state employees and custodians of record.

## DISCUSSION

A.    Eleventh Amendment Immunity

The Non-Parties contend that the Eleventh Amendment bars compliance with the subpoenas because the documents at issue are property of the State.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Eleventh Amendment immunity refers to assertions of liability on the State's part to prevent federal-court judgments that must be paid out of the State's treasury.  *Hess v. Port Authority Trans-Hudson Corp,.* 513 U.S. 30, 48, 115 S.Ct. 394, 404 (1994) (recognizing that the vulnerability of the State's purse is the most salient factor in Eleventh Amendment determinations); *Laxalt v. McClatchy*, 109 F.R.D. 632 (D.Nev. 1986) (Eleventh Amendment "construed to refer to assertions of liability on the State's part and claims for relief against it").  Eleventh Amendment immunity depends on the State's potential legal liability and protects the State from the risk of adverse judgments.  *Regents of Univ. Of Calif. v. Doe*, 519 U.S. 425, 430-431, 117 S.Ct. 900, 904-905 (1997) (breach of contract action against University barred by Eleventh Amendment because state was legally liable despite University's right to indemnification).

The Non-Parties' reliance on various authorities that concern the State's immunity from suit are inapposite because neither the state nor a state agency are named in the suit.  *See, e.g., In re Ayers*, 123 U.S. 443, 505 (1887) (Eleventh Amendment applies "not only to suits brought

against the state, its officers, agents, and representatives, where the state, thought not named as such, is nevertheless, the only real party against which...the relief is asked, and against which the judgment or decree effectively operates"); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (Eleventh Amendment bars a suit against state officials when state is real, substantial party in interest regardless of the nature of relief sought); *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) (State and agencies acting under its control may not be subject to suit in federal court absent waiver).  Here, the Eleventh Amendment is not implicated because the CDCR/CCWF Defendants are proceeded against in their individual capacities and the State is not asserted to be liable in a manner that would result in a judgment against the State or a claim for relief against the State. *Laxalt*, 109 F.R.D. 632 (Eleventh Amendment did not bar production of documents from non-party Nevada State Gaming Board)*; see also Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974) (suit against state officers in their individual capacities for damages for violation of federal law are not deemed actions against the state and are not barred by the Eleventh Amendment).  Further, a request that CDCR/CCWF non-party officers/custodians of records produce documents does not raise the possibility of a judgment against the State that would have to be paid from its treasury or subject the State to a claim for relief.

     Non-Parties reliance on *Estate of Gonzalez v. Hickman*, 466 F.Supp.2d 1226 (E.D. Cal. 2006), in which federal subpoenas directed at the State were barred by the Eleventh Amendment, is not controlling.  District Judge Wanger expressly determined that*"Estate of Gonzales* has no applicability in this case, nor is the decision binding upon another district court in the Eastern District of California." (Order Re: Request for Reconsideration, at p. 9, Document 161.) In *Estate of Gonzalez*, the plaintiffs filed an action pursuant to 42 U.S.C. § 1983 against defendants employed by CDCR.  District Judge England declined to enforce subpoenas against the State of California CDCR in a suit seeking retrospective relief aimed at remedying alleged past violations of law.  Judge England based his determination on a finding that California Government Code section 68097.1(6) did not effect a waiver of the State's sovereign immunity to suit in federal court and did not fall within the *Ex Parte Young* exception to the Eleventh Amendment to address

an ongoing violation of law. In sum, *Estate of Gonzalez* stands for the proposition that federal subpoenas seeking the production of documents by the State are barred on the ground that the State is entitled to sovereign immunity based on the Eleventh Amendment. However, *Estate of Gonzalez* did not address subpoenas issued to non-party custodians of records and individual state employees for the production of documents. If the court adopts the Non-Parties' position that the Eleventh Amendment sovereign immunity applied to a state employee in his or her official capacity, then Eleventh Amendment immunity arguably would bar discovery of State documents relevant to Plaintiff's claims, including Plaintiff's section 1983 claims. The court declines to adopt the Non-Parties' position to preclude discovery through them to the State for documents relevant to Plaintiff's claims.

The court previously rejected the same position advanced by the CDCR/CCWF Defendants[2] in this matter that the Eleventh Amendment precludes the production of State documents and that *Estate of Gonzalez* is controlling. In ruling on Plaintiff's motion to compel the production of documents from the CDCR/CCWF Defendants in this matter, then-Magistrate Judge O'Neill reasoned as follows:

> In the Eastern District, the 11th amendment precludes a federal subpoena to the state to obtain documents in support of a § 1983 claim. If this Court adopts the CDCR defendants' position, however, the Eleventh Amendment would also bar discovery through them to the State for the same documents. A Civil Rights plaintiff could, therefore, never obtain discovery in §1983 actions. This is not a logical inference and *the Court declines to adopt such a wholesale preclusion of discovery in Civil Rights cases."*

(Order on Plaintiff's Motion to Compel Documents from the Individual Defendants, at p. 5, Document 135.) (Emphasis added.) On reconsideration of the Magistrate Judge's ruling, District Judge Wanger determined that because the CDCR/CCWF Defendants named in this action "are sued as individuals, there is no Eleventh Amendment issue." (Order Re: Request for Reconsideration, at p.9, Document 161.) Accordingly, Non-Parties' objections based on the Eleventh Amendment are overruled.

---

[2] The Non-Parties are represented by counsel separate from the attorneys for the CDCR/CCWF Defendants.

B.     Sovereign Immunity

Non-Parties next argue that in addition to Eleventh Amendment immunity, the State possesses sovereign immunity, which precludes enforcement of the third-party subpoenas at issue. As explained in *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240 (1999):

> The Eleventh Amendment makes explicit reference to the States' immunity from suits "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Amdt. 11. We have, as a result, sometimes referred to the States' immunity from suit as "Eleventh Amendment immunity." The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today (either literally or by virtue of their admission into the Union upon an equal footing with the other States) except as altered by the plan of the Convention or certain constitutional Amendments.

*Id*. at 712-713, 119 S.Ct. at 2246 - 2247. As with Eleventh Amendment immunity, however, state sovereign immunity is not triggered here because the state is not a party to the underlying suit.

Insofar as Non-Parties cite cases in which state court subpoenas could not be enforced against the federal government, these cases are distinguishable from the issuance of a federal subpoena to a state employee or custodian of records. *See*, *e.g.*, *Elko County Grand Jury v. Siminoe*, 109 F.3d 554, 556 (9th Cir. 1997) (state court lacked jurisdiction to subpoena federal Forest Service employee to appear before grand jury). Additionally, Non-Parties reference to *U.S. v. James*, 980 F.2d 1314 (9th Cir. 1992), which involved tribal sovereign immunity, does not address federal subpoenas to state employees or custodians of records. In *James*, the defendant was convicted of rape on an Indian reservation in violation of federal statutes. The Ninth Circuit upheld the quashing, on tribal sovereign immunity grounds, of a subpoena *duces tecum* issued by the defendant to the Quinault Indian Nation. The subpoenas sought documents related to the victim's alleged alcohol and drug problems. The Ninth Circuit concluded that the Quinault Indian Nation, a non-party to the action, was possessed of tribal immunity at the time the subpoena was served. *Id*. at 1314. *James* appears applicable to subpoenas directed to the sovereign and is distinguishable from the present matter because the subpoenas at issue are directed at employees and custodians of records of the State. *Cf. Jones v Tozzi*, 2007 WL 1299795, *3 (E.D.Cal. 2007)

(trial subpoenas issued to state officers in their individual capacities, as distinct from a state or state agency, were not barred by Eleventh Amendment immunity).  As discussed in *U.S. v. Juvenile Male 1*, 413 F.Supp.2d 1012 (D. Ariz. 2006), which also addressed tribal immunity, sovereign immunity from suit does not apply to a federal subpoena issued to the custodian of records of a state agency.  The Court in *Juvenile Male 1* explained:

> The service of a federal subpoena on an employee of an entity of a tribe is neither a suit, nor one against a tribe. For example, the United States enjoys sovereign immunity from suit without its consent. And the states of the Union enjoy immunity from suit without their consent. *But it can hardly be contended that federal or state sovereign immunity from suit has any application to the enforcement of a federal subpoena on the custodian of records of a state or federal agency.* Federal subpoenas routinely issue to state and federal employees to produce official records or appear and testify in court and are fully enforceable despite any claim of immunity. *See, e.g., Exxon Shipping Co. v. United States Dep't of Interior,* 34 F.3d 774, 778 (9th Cir.1994). Even the President of the United States must comply with a federal subpoena. *United States v. Nixon,* 418 U.S. 683, 713, 94 S.Ct. 3090, 3110, 41 L.Ed.2d 1039 (1974). It would be strange indeed if a federal subpoena were operative against the greater sovereign and its officers but not the lesser. *See Cherokee Nation v. Southern Kan. Ry. Co.,* 135 U.S. 641, 656, 10 S.Ct. 965, 971, 34 L.Ed. 295 (1890).

*Id*. at1016 -1017 (emphasis added). Therefore, the court declines to extend state sovereign immunity to the third-party subpoenas at issue here as such an extension would bar discovery for State documents relevant to Plaintiff's claims.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's Motion to Compel Production of Documents pursuant to Federal Rule of Civil Procedure 45 is GRANTED with respect to subpoenas issued to the following non-parties:

(1) the Custodian of Records of the California Department of Corrections and Rehabilitation ("CDCR") Office of Legal Affairs;

(2) the Custodian of Records at the CDCR Office of Contract Services;

(3) Tracy Crosson, Contract Analyst, Central California Women's Facility ("CCWF");

(4) Corey Pierini, Correction Health Service Administrator, Valley State Prison for Women;

(5) Tom Watkins, HCCP Analyst, CCWF;

(6) Kathy Kane, Appeals Analyst, CCWF;

(7) Beatrice Ratemo, Utilization Management Nurse, CCWF;

(8) Steven Brewer, Correctional Health Service Administrator, CCWF; and

(9) Gina Gill, Contracts Department, CCWF.

IT IS SO ORDERED.

Dated:     **February 20, 2008**                    /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE