IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRENDA ALLEN, | ) | No. CV-F-05-1104 OWW/GSA |
| | ) | |
| | ) | ORDER DENYING NON-PARTIES' |
| | ) | REQUEST FOR RECONSIDERATION |
| Plaintiff, | ) | BY DISTRICT COURT OF |
| | ) | MAGISTRATE JUDGE'S RULING |
| vs. | ) | COMPELLING COMPLIANCE WITH |
| | ) | SUBPOENAS (Doc. 222) |
| | ) | |
| JEANNE WOODFORD, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the timely Request for Reconsideration by District Court of Magistrate Judge's Ruling, which granted Plaintiff's motion to compel compliance with subpoenas to the custodians of records of various State agencies involved in providing medial services to prison inmates (Non-Parties).

Pursuant to Rule 72-303(f), Local Rules of Practice, and 28 U.S.C. § 636(b)(1)(A), Plaintiff's request for reconsideration may be granted if the Magistrate Judge's Order is "clearly erroneous or contrary to law."

Non-Parties request reconsideration on the ground that the Magistrate Judge's Order is contrary to *Estate of Gonzalez v. Hickman*, 466 F.Supp.2d 1226 (E.D.Cal.2006).  They acknowledge and are well aware the cited case has no effect on the District Court as it is not bound by another District Court's ruling.  A specific ruling has previously been made in this case  that *Estate of Gonzalez* has no application.  Non-Parties assert that the Court's prior ruling related to defendants who are sued in their individual capacities.  Plaintiff's motion to compel is directed to Non-parties who were served with subpoenas in their official capacities as state employees and/or custodians of records.  The Request for Reconsideration "request[s] clarification from the District Court as to whether it will follow Estate of Gonzalez as it applies to Non-Parties."

This concession that the Court has rejected and does not follow *Estate of Gonzalez,* coupled with the request for clarification, in effect acknowledges that the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law.

In *Estate of Gonzalez*, plaintiffs filed a federal civil rights action under 42 U.S.C. § 1983 against defendants employed by the California Department of Corrections and Rehabilitation (CDCR).  Plaintiffs filed a motion to compel compliance with subpoenas served on the CDCR seeking information concerning Officer Gonzalez's employment with CDCR.  Defendants objected to the subpoenas on the ground that Eleventh Amendment immunity precluded Plaintiffs from compelling the State to produce the

requested discovery.  Magistrate Judge Hollows ruled that absent a waiver from the State, the Eleventh Amendment bars enforcement of the subpoenas, but found that the State had waived its right to assert sovereign immunity by enacting California Government Code § 68097.1(b), which provides procedures for serving subpoenas on State employees "required as a witness before *any* court or other tribunal in any civil action". *Id*. at 1227.  The Magistrate Judge concluded that the *Ex Parte Young* exception to Eleventh Amendment immunity provided a separate ground for granting the motion to compel.  *Id*.

On reconsideration, District Judge England ruled that "[t]he language of Government Code section 68097.1(b) does not rise to the level of constituting an 'unequivocal expression' of consent sufficient to waive the State's sovereign immunity", that Section 68097.1(b) "was passed to remedy a procedural and administrative problem unrelated to jurisdiction", and that the State "did not use unequivocal language in Government Code section 68097.1(b) leaving room for an alternative reasonable construction that it did not intend to waive its' immunity." *Id.* at 1228-1229.  The *Estate of Gonzalez* District Court found the *Ex Parte Young* exception to Eleventh Amendment immunity did not apply because "Plaintiffs do not have a federal right to force the State to produce documents that, in a best case scenario, can only assist Plaintiffs in obtaining relief for a past wrong" and because "[t]here is no on going [sic] violation that could support a finding that the present issue falls within the *Ex Parte Young*

exception ....".  *Id.*

The Non-Parties recognize this Court is not bound by another district court decision and, in fact, has not followed it.  *See Allen v. Woodford*, 2007 WL 309945 (E.D.Cal.2007) at * 3:

> Courts focus on the 11th Amendment's purpose to prevent federal court judgments that would have to be paid out of a State's treasury: "(T)he vulnerability of the State's purse (is) the most salient factor in Eleventh Amendment determinations."  *Hess v. Port Authority Trans-Hudson Corp.* (1994) 513 U.S. 30, 47 ...; *see also Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.* (9th Cir.1993) 5 F.3d 378, 380.  Eleventh Amendment immunity depends on the State's potential legal liability, regardless of the entity's ability to require indemnification from a third party.  *Regents of Univ. of Calif. v. Doe* (1997) 519 U.S. 425, 430-431 ... (breach of contract action against the University was barred by 11th Amendment because State was legally liable despite University's right to indemnification from U.S. Government.)  Suits against state officers in their individual capacity for damages for violation of federal law (e.g., a federal civil rights suit) are not deemed actions against the state, and hence are not barred by the 11th Amendment.  *Scheuer v. Rhodes* (1974) 416 U.S. 232, 237 ....
>
> In the Eastern District, the 11th Amendment precludes a federal subpoena to the state to obtain documents in support of a § 1983 claim.  If this Court adopts the CDCR defendants' position, however, the Eleventh Amendment would also bar discovery through them to the State for the same documents.  A Civil Rights plaintiff could, therefore, never obtain discovery in § 1983 actions.  This is not a logical inference and the Court declines to adopt such a wholesale preclusion of discovery in Civil Rights cases.

*See also Jones v. Tozzi,* 2007 WL 1299795 (E.D.Cal.2007) at *2-*4.

In *Laxalt v. C.K. McClatchy*, 109 F.R.D. 632 (D.Nev.1986),

the plaintiff sued defendant in a diversity action for libel. The district court rejected a claim by the Nevada State Gaming Control Board that the Eleventh Amendment barred compliance with a federal subpoena for inspection and copying of records in the Board's possession relating to the plaintiff and certain business entities of which he had been a principal. The Board contended: "Whether or not a particular gaming record should be disclosed to private civil litigants is for the state courts to decide." *Id*. at 633.  The District Court held in pertinent part:

> The Eleventh Amendment bars discovery requests against a nonparty state in civil litigation, according to the Board.  They amount to a 'suit in law or equity' for the purposes of that Amendment, it is argued. Actions in which discovery was allowed against federal agencies are inapposite, the Board urges, because those agencies are not protected by the Eleventh Amendment as are state agencies.  The fact that the State Legislature provided a specific motion procedure for obtaining a court order authorizing discovery of confidential records indicates its intent to retain discovery under State control, the Board says.  It does not constitute a consent to disclosure in a federal court case where the State is not a party.  A state's waiver of its immunity to suit in its own courts does not mean that the same waiver subjects it to federal court jurisdiction.  The Board cites *Kennecott Copper Corp. v. Tax Comm'n,* 327 U.S. 573, 577-80 ... (1946), for the principle that a waiver by a state of its sovereign immunity against tax suits in its own courts is inapplicable to a federal court suit against the state in the absence of a clear declaration of consent.  The opinion, at page 577, ... notes that the reason for the rule is the direct impact of state tax litigation upon the state's finances.  On page 579 ..., the *Kennecott* court also points out that the particular state (Utah) employs explicit

> language to indicate its consent to suit in federal court in other kinds of litigation. The Board contends that the phrase 'in a court of competent jurisdiction' as used in the Nevada Gaming Control Act should be construed to mean only State courts, as in *Kennecott*.
>
> ...
>
> It is clear that the Eleventh Amendment establishes that a federal court has no jurisdiction over any lawsuit against a state. However, it has been construed to refer to assertions of liability on the state's part and claims for relief against it. *Johnson v. Lankford*, 245 U.S. 541, 545 ... (1918); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 ... (1984). In *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 699 ... (1982), the plurality approved the service of process on state officials to secure possession of artifacts held by them. The analogy to the instant proceedings, where inspection and copying of State records is all that is being sought, is apparent. Magistrate Atkins' holding that the Amendment does not bar discovery is not contrary to law.

*Id.* at 634-635.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In the absence of a waiver by the State or a valid congressional override, the Eleventh Amendment precludes a federal court from entertaining a suit brought by a citizen against his own state. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). The Eleventh

Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants whether the relief sought is legal or equitable in nature. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89,100 (1984); *Brooks v. Sulphur Springs Valley Elec. Co-Op.*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992). In *Hafer v. Melo*, 502 U.S. 21, 31 (1991), the Supreme Court held that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983" and that "[t]he Eleventh Amendment does not bar such suits, nor are state officials absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." In so holding the Supreme Court rejected the argument that Section 1983 liability turns not on the capacity in which state officials are sued but on the capacity in which they acted when injuring the plaintiff. *Id*. at 27-29. As stated in *Alden v. Maine*, 527 U.S. 706, 757 (1999):

> Even a suit for money damages may be prosecuted against a state official in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally.

The threshold issue is whether issuance and required compliance with a third-party subpoena by State custodians of records in an action in which the State is not a party constitutes "any suit in law or equity, commenced or prosecuted against one of the United States" within the meaning of the Eleventh Amendment. In *State of Missouri v. Fiske*, 290 U.S. 18,

7

26-27 (1933), the Supreme Court quoted Chief Justice Marshall in *Cohens v. Virginia*, 19 U.S. 264, 6 Wheat. 264, 407, 408, 51 L.Ed. 257 (1821):

> What is a suit? We understand it to be the prosecution, or pursuit, of some claim, demand, or request. In law language, it is the prosecution of some demand in a Court of justice. The remedy for every species of wrong is, says Judge Blackstone, 'the being put in possession of that right whereof the party injured is deprived.' 'The instruments whereby this remedy is obtained, are a diversity of suits and actions, which are defined by the Mirror to be 'the lawful demand of one's right.' Or, as Bracton and Fleta express it, in the words of Justinian, '*jus prosequendi in judicio quod alicui debetur.*' Blackstone then proceeds to describe every species of remedy by suit; and they are all cases where the party suing claims to obtain something to which he has a right.
>
> To commence a suit, is to demand something by the institution of process in a Court of justice; and to prosecute the suit, is, according to the common acceptance of language, to continue that demand. By a suit commenced by an individual against a State, we should understand process sued out by that individual against the State, for the purpose of establishing some claim against it by the judgment of a Court; and the prosecution of that suit is its continuance. Whatever may be the stages of its progress, the actor is still the same.

In *Dugan v. Rank*, 372 U.S. 609, 620 (1963), the Supreme Court held, in the context of sovereign immunity:

> The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' *Land v. Dollar*, 330 U.S. 731, 738 ... (1947), or if the effect of the judgment would be 'to restrain the Government

8

>     from acting, or to compel it to act.' *Larson
>     v. Domestic & Foreign Corp.*, ... 337 U.S. at
>     704 ...; *Ex parte New York*, 256 U.S. 490, 502
>     ... (1921).

The Supreme Court in *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101 n.11 (1984), cited *Dugan v. Rank* in the context of the Eleventh Amendment.

It is recognized that the immunity of a state arises "only when the state government (including state agencies, not its political subdivision), is sued." Rotunda and Nowak, Treatise on Constitutional Law (4th ed. 2007), § 2.12(x), p. 210-11. There is no suit in law or equity against the state in this case; nor have the moving parties provided legal authorities that a discovery request under the Federal Rules of Civil Procedure in a federal civil rights action in which the state is not sued, constitutes "a suit" or "suing" the state within the meaning of the Eleventh Amendment.

Based on these principles, the Eleventh Amendment does not apply to preclude discovery from a State agency, which can only be obtained through the State's custodians of records or from other employees having custody and control of the information or documents sought. Neither the State, nor any of its employees to whom subpoenas have been directed to obtain the information sought, that have been found essential to the prosecution of the Plaintiff's case, are parties, nor has any relief in law or equity been sought against them or the State. No judgment will be issued in this action against the State that could have any

conceivable effect on the State treasury; the State custodians are only subpoenaed to produce documents for use in the prosecution of this federal civil rights action.  The Non-Parties' assertion that they must comply with the subpoenas in their official capacities as custodians of record is irrelevant; no judgment or other relief of any kind is sought against them in this litigation.

Non-Parties' position, if upheld, invoking *Estate of Gonzalez*, will abrogate the Supreme Court's ruling in *Hafer* that an action under Section 1983 against a state employee or official in that official's individual capacity is not barred by the Eleventh Amendment.  To apply *Estate of Gonzalez* would mean that a plaintiff who sues a state official in his individual capacity, a lawsuit specifically authorized by the United States Supreme Court, will never be able to prove his or her case, if any required proof is in the hands of the State's custodian of records.[1]  Such a result is ludicrous.  This is evident from the Eleventh Amendment's express language, "any suit in law or equity, commenced or prosecuted against one of the United States" as it has been interpreted by the United States Supreme Court.  This analysis shows that *Estate of Gonzalez* cannot be the law and *Laxalt v. C.K. McClatchy* is correctly decided.

---

[1] A plaintiff who sues a state employee in his or her individual capacity in state court for violation of federal law in order to avoid application of *Estate of Gonzalez* may be forestalled by the removal of the action to federal court, thereby placing plaintiff's ability to conduct legitimate discovery in the hands of a non-party to the suit.

*United States v. James*, 980 F.2d 1314 (9th Cir.1992), *cert. denied*, 510 U.S. 838 (1993), must be addressed. In *James*, the defendant was convicted of rape on an Indian reservation in violation of federal statutes. On appeal, the Ninth Circuit upheld, on tribal sovereign immunity grounds, the quashing of a subpoena *duces tecum* issued by the defendant to the Quinault Indian Nation for documents related to the victim's alleged alcohol and drug problems in the possession of the Quinault Indian Nation Department of Social and Health Services. The Ninth Circuit held:

> By making individual Indians subject to federal prosecution for certain crimes, Congress did not address implicitly, much less explicitly, the amenability of the tribes to the processes of the court in which the prosecution is commenced. Thus, we conclude that the Quinault Tribe was possessed of tribal immunity at the time the subpoena was served, unless the immunity had been waived.

*Id*. at 1319.[2]

Arguably, *James* is not controlling because it did not

---

[2] **Magistrate Judge Hollows' ruling in *Estate of Gonzalez*, Misc. No. S-06-0095 MCE GGH (Doc. 17) concluded that *James* was controlling, that *Laxalt v. C.K. McClatchy* was decided without reference to *James* and further stated:**

> The undersigned has performed a good bit of research in addition, and cannot find further on point authority involving the requested discovery on a non-party state or state agency in addition to that set forth above. Nevertheless, the court is bound by James in this regard, and finds that to the extent that the subpoenas at issue were directed to a state or state agency, sovereign immunity initially precludes their enforcement.

involve Eleventh Amendment immunity.  Other than *Estate of Gonzalez* and *Laxalt,* no other reported decisions have been identified that address the issue raised by the motion to quash. Because the Supreme Court has construed Eleventh Amendment immunity to be liability from suit to avoid the possibility that a judgment will be paid out of the State's treasury or because the judgment will affect the public administration, the Eleventh Amendment, by its terms and purposes, does not apply to nor does it bar enforcement of the subpoenas here at issue.[3]

For all the reasons stated, Non-Parties' Request for Reconsideration by District Court of Magistrate Judge's Ruling is **DENIED**.  The subpoenas shall be enforced as ordered by the Magistrate Judge.

IT IS SO ORDERED.

**Dated:   April 3, 2008**                             /s/ Oliver W. Wanger
                                                    UNITED STATES DISTRICT JUDGE

---

[3] *See United States v. Juvenile Male 1*, 431 F.Supp.2d 1012 (D.Ariz.2006) for a cogent criticism of *James*.